Mario CHAVARRIA, Appellant,

v.

The STATE of Texas, Appellee.

No. 41148.

Court of Criminal Appeals of Texas.

March 27, 1968.

---

Frank Y. Hill, Jr., San Antonio (On Appeal Only), for appellant.

James E. Barlow, Dist. Atty., Earl C. Hill, Asst. Dist. Atty., San Antonio, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is unlawful possession of heroin; the punishment, 12 years.

Trial was before the court on a plea of nolo contendere.

Appellant's brief sets out as ground of error "that he was unlawfully induced to change his plea from 'not guilty' to 'nolo contendere' upon the promise that he was being reserved the right to complain on appeal of an unlawful arrest and search."

Appellant's counsel, in his brief, agrees that the trial court, defense counsel and counsel for the state were at all times attempting to see that appellant was afforded proper treatment and that no intentional desire to infringe upon his rights is shown by the record.

The question which controls the disposition of this appeal is whether a trial court is authorized to accept a defendant's plea of nolo contendere under the conditions shown by this record.

Appellant filed a motion to suppress the evidence obtained at the time of his arrest on the ground that his arrest was without warrant and without probable cause, and the search of his person incident to such arrest was therefore illegal and all fruits of the search must be suppressed.

After hearing the evidence adduced on the motion, the trial judge overruled it, whereupon appellant's plea of not guilty was withdrawn, a plea of nolo contendere was entered, a jury waived and appellant entered into stipulations and testified, all with the understanding that he was not waiving but was preserving all of his rights to appeal the court's ruling on the motion to suppress.

Before accepting the plea of nolo contendere the trial judge stated to appellant's trial counsel that he would not accept a plea of guilty "because I do think there may be some merit in your motion and * * * nolo contendere would protect him on his motion to suppress. And, of course, if he wants to plead 'nolo contendere' that still would retain any rights he has on this constitutional question * * *."

Under Art. 27.02(6) Vernon's Ann. C.C.P., the legal effect of a plea of nolo contendere is the same as a plea of guilty insofar as the criminal prosecution is concerned. Martinez v. State, 170 Tex.Cr.R. 266, 340 S.W.2d 56.

The judgment entered upon the plea demonstrates the correctness of such holding. It recites that appellant entered a plea of nolo contendere and that the court admonished him of the consequences of such plea, but he persisted in such plea: "and after due inquiry, it plainly appearing to the court that the defendant is sane and uninfluenced by any consideration of fear, or by any persuasion or delusive hope of pardon prompting him *to confess his guilt,* the said plea of *Guilty* was received by the court and is now entered of record."

Under the record, the trial court was in error in accepting the plea of nolo contendere.

For the reasons stated, the judgment is reversed and the cause remanded.