Jesse **GONZALES, Jr.**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 43169.

Court of Criminal Appeals of Texas.

Nov. 4, 1970.

———◆———

Leo Dougherty, San Antonio, (On Appeal Only), for appellant.

Ted Butler, Dist. Atty., Charles Butts and Sparta Bitsis, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

The offense is murder; the punishment, 28 years.

Prior to trial the appellant, represented by two court appointed attorneys, filed his pre-trial motion to suppress his written extrajudical confession. See Article 28.01, Vernon's Ann.C.C.P. Following a hearing on September 30, 1969, on said motion in which the appellant testified the court found the confession to have been voluntarily made and admissible in evidence. The trial judge filed his findings of fact and conclusions of law among the papers of the cause. See Article 38.22, V.A.C.C.P.

On November 13, 1969, the State having waived the death penalty, the appellant entered a plea of guilty before the court and waived trial by jury. He was duly admonished by the court as to the consequences of his plea and persisted in his plea of guilty to the murder charge. The procedure utilized by the court in accepting the guilty plea and approving the stipulations offered in accordance with Article 1.15, V.A.C.C.P., was the same careful procedure as described by this court in some detail in DeGay v. State, Tex.Cr.App., 455 S.W.2d 205. Among the sworn stipulations which were introduced into evidence is found the statement that "the defendant judicially confesses that on January 17, 1969, he unlawfully, voluntarily and with his malice aforethought [did] kill and murder Solomon Abodo, Sr., by then and there stabbing him with a knife and the defendant further stipulates that his confession (State's Exhibit #6) is voluntary and in all things admissible and further agrees that it may be admitted into evidence."

The appellant further agreed that all stipulations entered into were true and correct as well as the allegations of the indictment.

Upon recommendation of the State the court assessed the punishment at 28 years. Sentence was imposed on the same day.

Several days later the appellant gave timely notice of appeal and trial counsel was permitted to withdraw and other counsel was appointed for the purpose of appeal.

It is appellant's contention on appeal that the court erred in its refusal to grant the pre-trial motion to suppress his confession "which erroneous ruling by the court impelled the appellant to change his plea from 'not guilty' to 'guilty.'"

First, we cannot agree that the court erred in its ruling. The findings of fact and conclusions of law that the appellant was duly and properly warned of his rights and waived such rights and that the confession was freely and voluntarily given are supported by the record. The court found that appellant did not advise the officer to whom the statement was given that he had a court appointed attorney on another and different charge (robbery) and that the officer was unaware of the same. The further finding was to the effect that the appellant had waived his right to counsel at the time of interrogation as to the instant charge or offense. It is true as appellant contends that the court in its findings did not expressly state that the burden of proof utilized was "beyond a reasonable doubt" which would have been desirable (See Hill v. State, Tex.Cr.App., 429 S.W.2d 481.), but the appellant did not object to such findings or seek clarification at the time such findings were filed.

Even if the court was in error in failing to grant the motion to suppress, it would furnish no ground for setting aside this conviction. At the time the plea of guilty was entered the appellant personally stipulated that his written confession was voluntarily given and agreed that it was admissible in evidence, and, further, he "judicially confessed" to the murder charged. The plea of guilty under the circumstances described was an effective waiver of any pre-trial irregularities. There is nothing in this record to show that the plea of guilty was not voluntary or to even indicate that the appellant changed his plea because of the trial court's ruling on the motion to suppress.

No error is presented. See McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763; Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785; Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747.

The judgment is affirmed.