**Richard M. KILPPER, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 46514.

Court of Criminal Appeals of Texas.

March 7, 1973.

Eugene B. Sisk, Universal City, for appellant.

Ted Butler, Dist. Atty., Charles T. Conaway, Dick Ryman and Antonio G. Cantu, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for the possession of marihuana; the punishment, three years imprisonment, probated.

The appellant's motion to suppress evidence on the ground that the evidence was obtained by an unlawful search in violation of the appellant's constitutional rights was heard by the court and was overruled.

The appellant then entered a plea of guilty with a written "stipulation" being made providing that he reserved the right to appeal from the trial court's action overruling the motion to suppress evidence. The trial court recognized and approved this stipulation, stating at the time the plea of guilty was accepted " . . . you are not waiving your objections which you have preserved as far as the court's ruling on your motion to suppress and the motion to quash." The court, under these conditions, erroneously permitted the appellant to enter a plea of guilty.

Under our holding in Killebrew v. State, 464 S.W.2d 838 (Tex.Cr.App.1971) and Chavarria v. State, 425 S.W.2d 822 (Tex. Cr.App.1968) an appellant may not enter a plea of guilty and reserve the right to appeal from an order overruling a motion to suppress evidence. The facts in the record in this case are distinguishable from those in Allen v. State, 474 S.W.2d 480 (Tex.Cr. App.1971).

The judgment is reversed and the cause remanded.

Opinion approved by the Court.