**Mary SHALLHORN, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2-84-041-CR.**

Court of Appeals of Texas,
Fort Worth.

June 21, 1984.

Barnhart & Morris, P.C., and John H. Morris, Gainesville, for appellant.

Phil L. Adams, Dist. Atty., Gainesville, for the State.

Before FENDER, C.J., and ASHWORTH and BURDOCK, JJ.

## OPINION

ASHWORTH, Justice.

Appellant pled guilty to the offense of aggravated robbery. The jury set her pun-

ishment at 35 years confinement and a $10,000.00 fine.

Judgment reversed and cause remanded for new trial.

Appellant's one ground of error contends it was error not to grant her motion to suppress her confession and admitting the confession into evidence. After her motion to suppress was denied, appellant entered a plea of guilty, specifically reserving a right to appeal the trial court's ruling.

The State contends appellant's plea of guilty waived any error in the court's denial of her motion to suppress the confession. We note that this is not a case governed by TEX.CODE CRIM.PROC.ANN. art. 44.02 (Vernon 1979). Such article applies to pleas of guilty to the court based on a plea bargaining agreement in which the punishment assessed is at or within that agreed upon. Another requirement of the article is that the ground of error appealed was presented in a written pretrial motion for the court's ruling or the trial court has given permission for an appeal in general or upon specific contentions.

In the instant case, after having her motion to suppress denied, the record reflects the following:

MR. MORRIS: I would like for the record to also reflect that the defendant enters her plea of guilty based upon the adverse ruling of the Court on our motion to supress, [sic] and that in entering our plea of guilty we are not admitting that the evidence is all true and correct, that we are not waiving our right to appeal the Court's ruling on the motion to supress. [sic]

THE COURT: I understand that. I think you need to do that again when we admonish her.

MR. MORRIS: All right.

After the jury was selected and after being fully admonished by the court concerning her plea of guilty, the following statement was made by appellant's counsel:

MR. MORRIS: At this time again I'd for the record to reflect that my client has decided to plead guilty based on the

adverse ruling of the Court on our motion to suppress, and that in pleading guilty she is not waiving her right to appeal that adverse ruling, and we retain that right. Also that we would not enter a plea of guilty had we not received the adverse ruling on the motion to suppress.

No comment was made by the trial judge to such statement. It is apparent that appellant, her attorney, the prosecutor, and the trial judge were all aware that the plea of guilty was conditioned on appellant's belief that she had the right to appeal the denial of her motion to suppress the confession. The trial judge and the prosecutor, at least tacitly, agreed to the conditioning of such guilty plea. The question is: After a motion to suppress a confession is denied, does a plea of guilty to a jury waive error of the trial court in such denial? The answer to the question is "yes", *if* the plea is made knowingly and voluntarily.

A plea of guilty to a jury waives all nonjurisdictional defects, including claimed deprivations of federal constitutional due process and state due course of law. *Wheeler v. State*, 628 S.W.2d 800 (Tex.Crim.App.1982). If the plea of guilty is accepted with an understanding that the merits of the motion would be preserved for appeal, then the trial court is not autho-rized by state law to accept such plea. *Wooten v. State*, 612 S.W.2d 561 (Tex. Crim.App.1981). As a matter of law, a plea of guilty under such circumstances is not made knowingly and voluntarily. *Wooten v. State, supra.* In the instant case, the plea of guilty was not made knowingly and voluntarily.

At the time the conditional plea of guilty was made, the trial court should have refused to accept it. The State should then have set about to offer its proof of the offense charged. This is not a case in which the evidence of guilt is overwhelming, disregarding the guilty plea and the confession. *Haney v. State*, 588 S.W.2d 913 (Tex.Crim.App.1979). There is no way for the appellate process to now cure the error inherent in this record.

We cannot now address the main issue in this case because it is mandatory that the cause be remanded for a new trial.

Reversed and remanded.