**Charles V. HARRELSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 494–84, 495–84.**

Court of Criminal Appeals of Texas, En Banc.

May 8, 1985.

John T. Garcia A., Fernando Chacon, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. and Linda Jurewicz and James B. Dowling, Asst. Dist. Attys., El Paso, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant was convicted upon his pleas of nolo contendere to the offense of possession of cocaine, enhanced by a prior felony conviction, and to the offense of unlawful possession of a firearm by a felon. The trial court sentenced appellant to sentences of 40 years and 10 years, respectively, and ordered such sentences to run concurrently.

On appeal appellant contended that the trial court erroneously accepted his pleas conditioned upon appellant's right to appeal certain pretrial motions in a case which did

not fall within the ambit of Article 44.02, V.A.C.C.P. The Eighth Court of Appeals in El Paso agreed with appellant, and reversed and remanded for a new trial. *Harrelson v. State,* 668 S.W.2d 455 (Tex.App. —El Paso 1984).[1] We granted the State's petition for discretionary review in order to review the court of appeals' ruling.

These causes were called for trial on the morning of December 7, 1981. At that time a pretrial hearing was conducted on appellant's motions to dismiss under V.A.C.C.P., Article 32A.02, the Speedy Trial Act, and to suppress evidence allegedly obtained pursuant to an illegal search. Both motions were overruled in each cause. During entry of the pleas the following exchanges occurred:

"THE COURT: Do you understand that you cannot appeal anything except those matters which I have already stated into the record without my permission. You can't appeal anything except for those matters that I have already stated into the record.

[APPELLANT]: May I confer with Counsel just a moment, please?

(Thereupon, a brief conference was had between the Defendant and his attorney, after which the following occurred, to-wit:)

[APPELLANT]: Yes, sir, I understand.

THE COURT: Now, let me make another statement here. First of all, I want to make very clear that the matters that you brought up this morning that have to do with written motions that you brought up this morning, you do have a right to appeal them if you enter a plea; do you understand that?

[APPELLANT]: Yes, sir.

THE COURT: But the question of whether or not you can prevail on appeal of those, my opinion is that you can't. I want you to understand that. I would not have allowed them in if I didn't think

you couldn't. That's my opinion as a judge. I just want you to understand that.

[APPELLANT]: All right.

\*    \*    \*    \*    \*    \*

THE COURT: And having considered the laws involved in the case, taking into consideration these circumstances and all that you may know about the case, are you satisfied that it is legally sound for him to enter pleas of nolo contendere as he has entered here to the two charges of the commission of offenses, on the 31st day of August, 1980?

[APPELLANT'S COUNSEL]: I do, your Honor, with the understanding that the Court is allowing us to appeal our pre-trial motions the Court has already heard.

THE COURT: Well, I will state into the record that I have stated to him it is my opinion that that's the law, and I will allow him to appeal the pre-trial motions.

[APPELLANT'S COUNSEL]: I want the record to reflect, your Honor, that we would not be entering these pleas if we did not have the right to appeal this.

THE COURT: All right. I am just stating into the record that that's my understanding of the way that the plea is made because that's the law."

There is no dispute that appellant's pleas in this case were non-negotiated. We therefore find controlling our recent decision in *Christal v. State,* 692 S.W.2d 656 (Tex.Cr.App.1985) (Opinion on State's motion for rehearing).

In *Christal* the Court reiterated the now well established rule that, while Article 44.-02, supra, will *not* operate to limit the right of appeal pursuant to a non-negotiated plea, nevertheless, the *Helms* rule *will,* in the sense that it denies the accused a meaningful review of any claim not directed to the jurisdiction of the trial court.[2] See *Prochaska v. State,* 587 S.W.2d 726 (Tex.

---

1. The court of appeals issued separate opinions for the possession of cocaine and possession of a firearm convictions but designated for publication only its opinion pertaining to the convic-

tion for possession of cocaine. The two opinions are, however, substantially identical.

2. *Helms v. State,* 484 S.W.2d 925, 927 (Tex.Cr. App.1972).

Cr.App.1979); *Cleveland v. State*, 588 S.W.2d 942 (Tex.Cr.App.1979); *Galitz v. State*, 617 S.W.2d 949, nn. 8 *and* 9 (Tex.Cr.App.1981); *King v. State*, 687 S.W.2d 762 (Tex.Cr.App.1985).[3]

 It is clear that in the instant causes, as in *Christal*, supra, the appellant pled nolo contendere with the understanding that the issues raised in his pretrial motions would be preserved for appeal. These motions do not go to the jurisdiction of the convicting court, however. Therefore, in the absence of a plea bargain, the *Helms* rule renders the appellant's understanding erroneous. We cannot say that appellant entered into his plea voluntarily or knowingly. *Christal*, supra.

The State contends that by virtue of this Court's decision in *Martin v. State*, 652 S.W.2d 777 (Tex.Cr.App.1983), appellant's motions to dismiss under the Speedy Trial Act were cognizable on appeal in spite of the lack of a plea bargain situation in these causes. In this the State is mistaken.

In *Martin* this Court overruled that line of cases which had held that Article 32A.02, § 3 operated as an exception to the "general rule," under Article 44.02, supra, that any matters raised by written pretrial motion would be preserved for appeal after a negotiated plea. See *Wooten v. State*, 612 S.W.2d 561 (Tex.Cr.App.1981). Thus, after *Martin*, any speedy trial claim raised pretrial and followed by a negotiated plea of guilty or nolo contendere will be cognizable on appeal.[4]

Nothing in *Martin* changes the result in the instant causes. The *Helms* rule still operates to bar meaningful review of the speedy trial claim of an accused who pleads guilty or nolo contendere outside the context of a plea bargain arrangement. Hence, the trial court's assurance to appellant that he could appeal his speedy trial claims, "however inadvertent that may have been," *Harrelson v. State*, supra, at 456, rendered appellant's pleas involuntary.

The judgments of the court of appeals are affirmed.

ONION, P.J., concurs in result.

---

3. See the concurring opinion in *King v. State*, supra, for a complete statement of the *Helms* rule, gleaned from *White v. Beto*, 367 F.2d 557, 558 (CA5 1966), *viz:*

"The guilty plea under the circumstances is conclusive as to defendant's guilt, admits all the facts charged and waives all non-jurisdictional defects *in the prior proceedings.*" (All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.)

4. It is not entirely clear from our opinion in *Martin* that the defendant's guilty plea was entered pursuant to a plea bargain so as to bring it within the ambit of Article 44.02, supra. We take this opportunity to note that the defendant's plea in *Martin was* negotiated. Thus, our holding in that case was to the effect that § 3 of Article 32A.02, supra, no longer functions as an exception to the limited right to appeal afforded by Article 44.02 in the context of *negotiated* pleas.