Mary SHALLHORN, Appellant,

v.

The STATE of Texas, Appellee.

No. 828–84.

Court of Criminal Appeals of Texas, En Banc.

June 24, 1987.

John G. Morris, Gainesville, for appellant.

Phil L. Adams, Dist. Atty., Gainsville, Robert Huttash, State's Atty. and Alfred Walker, First Asst. State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Judge.

Appellant entered a plea of guilty to the charge of aggravated robbery. Appellant elected to go to a jury for punishment and she was assessed a term of thirty-five years' confinement and a fine of $10,-000.00.

The Fort Worth Court of Appeals reversed appellant's conviction after finding that she entered an involuntary plea conditioned on the premise that she would be allowed to appeal the denial of her pretrial motion to suppress her confession. *Shallhorn v. State*, 671 S.W.2d 730 (Tex.App.—Fort Worth 1984). We granted the State's petition for discretionary review to examine this opinion.

The record reflects that prior to the commencement of the voir dire examination of the jury, the following occurred:

"MR. MORRIS: I would like for the record to also reflect that the defendant enters her plea of guilty based upon the adverse ruling of the Court on our motion to supress (sic), and that in entering our plea of guilty we are not admitting that the evidence is all true and correct, that we are not waiving our right to appeal the Court's ruling on the motion to supress (sic).

"THE COURT: I understand that. I think you need to do that again when we admonish her.

"MR. MORRIS: All right."

Immediately following the admonishments by the judge, appellant's counsel again stated the basis for appellant's plea:

"MR. MORRIS: At this time again I'd (sic) for the record to reflect that my client has decided to plead guilty based on the adverse ruling of the Court on our motion to suppress, and that in pleading guilty she is not waiving her right to appeal that adverse ruling, and we retain that right. Also that we would not enter a plea of guilty had we not received the adverse ruling on the motion to suppress."

Immediately after appellant was sentenced, defense counsel informed the court that he was giving oral notice of appeal and that a written notice of appeal would be filed at a later time. Shortly thereafter, appellant filed a motion asking that counsel be appointed to represent her on a motion for new trial and appeal. The judge, apparently agreeing that appellant was eligible to appeal her conviction, appointed trial counsel to represent her on her motion for new trial and appeal.

■ The law provides that where there is no plea bargain and a plea of guilty is voluntarily and understandingly made all nonjurisdictional defects including claimed deprivations of federal due process are waived. *Helms v. State*, 484 S.W.2d 925 (Tex.Cr.App.1972). Applying this to the instant case, since there was no evidence of a plea bargain, under the *Helms* rule, appellant could not appeal the denial of her motion to suppress. However, as can be seen from the portion of the record set out above, it is evident that appellant, her attorney and the trial judge were laboring under the false impression that such an appeal was in order. Because of this erroneous assumption, we are compelled to agree with appellant and the Court of Appeals and find that her plea of guilty was not entered voluntarily or knowingly. *Christal v. State*, 692 S.W.2d 656 (Tex.Cr. App.1985); *Harrelson v. State*, 692 S.W.2d 659 (Tex.Cr.App.1985); *Broddus v. State*, 693 S.W.2d 459 (Tex.Cr.App.1985).

The judgment of the Court of Appeals is affirmed and the case is remanded to the trial court for a new trial.

ONION, Presiding Judge, concurring.

Appellant's pretrial motion to suppress her confession was overruled following a hearing. Thereafter appellant entered a plea of guilty before a jury, specifically attempting to reserve a right to appeal the trial court's ruling on the motion to suppress. The attempts to reserve such right are set out in the majority opinion. After her conviction appellant appealed. Originally her only ground (now point) of error was that the trial court's suppression ruling was erroneous, apparently made without realizing that the plea of guilty before a jury waives any such error for the purpose of appeal. See Gonzales v. State, 458 S.W.2d 926 (Tex.Cr.App.1970). A supplemental brief filed in the Court of Appeals raised the question of whether the guilty plea should have been accepted by the trial court given the circumstances since the plea could not have been made knowingly and voluntarily. Without mentioning the supplemental brief, the Court of Appeals reversed the conviction on this basis. Shallhorn v. State, 671 S.W.2d 730 (Tex. App.—Ft. Worth 1984).

Now over three years later we agree.

This is not a case governed by Article 44.02, V.A.C.C.P., in effect at the time of the guilty plea. Such statute applied only to pleas of guilty before the court on a plea bargain agreement in which the punishment assessed is within the plea bargain. Under such statute the appeal was limited to the court's ruling in a written pretrial motion. In the instant case the plea of guilty was before the jury and there was no plea bargain.

A plea of guilty before the jury admits existence of all incriminating facts necessary to establish guilt. Darden v. State, 430 S.W.2d 494 (Tex.Cr.App.1968), and cases there cited; Reyna v. State, 434 S.W.2d 362 (Tex.Cr.App.1968); Renesto v. State, 452 S.W.2d 498 (Tex.Cr.App.1970); Brown v. State, 487 S.W.2d 86 (Tex.Cr. App.1972); Gates v. State, 543 S.W.2d 360 (Tex.Cr.App.1976); York v. State, 566 S.W.2d 936 (Tex.Cr.App.1978). Presumption of innocence does not obtain under a guilty plea before the jury and there is no issue of justification under such plea. Darden v. State, supra; Reyna v. State, supra. Introduction of evidence by the State in a felony case involving a plea of guilty before the jury is to enable the jury to intelligently exercise discretion which the law vests in them touching the penalty to be assessed. Darden v. State, supra; York v. State, supra.

Thus by the very nature of entering a plea of guilty before a jury the appellant waived her right to contest on appeal the trial court's ruling on her motion to suppress. And this was true even before the "Helms Rule." [1] In Helms v. State, 484 S.W.2d 925 (Tex.Cr.App.1972), it was held that a plea of guilty, when voluntarily and understandably made, waives all non-jurisdictional defects.[2] And the waiver includes claimed deprivation of federal due process or state due course of law. See Wheeler v. State, 628 S.W.2d 800 (Tex.Cr.App.1982).

And in the instant case it is immaterial the federal rationale underlying the "Helms Rule" may or may not be inconsistent with Article 1.15, V.A.C.C.P. Such statute is applicable only to a plea before the court in a felony case. The instant case involves a plea to the jury.

Despite all of the above, Chavarria v. State, 425 S.W.2d 822 (Tex.Cr.App.1968);

---

1. The common law rule has long been that a guilty plea traditionally waives a defendant's right to appeal a conviction on grounds other than jurisdictional violations. 26 U.C.L.A. Law Review 360; Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970); McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

2. The "Helms Rule" was first recognized by this Court in Hoskins v. State, 425 S.W.2d 825, 829–830 (Tex.Cr.App.1968), decided several years prior to Helms. Hoskins relied upon Bee v. Beto, 384 F.2d 925 (5th Cir.1967). See also Prochaska v. State, 587 S.W.2d 726, 728 (Tex.Cr. App.1978).

*Killebrew v. State*, 464 S.W.2d 838 (Tex.Cr. App.1971); and *Kilpper v. State*, 491 S.W.2d 117 (Tex.Cr.App.1973), the convictions based on guilty or nolo contendere pleas were reversed because the pleas were improperly induced because the defendants were left with the impression they were retaining the right to appeal the rulings on their motion to suppress evidence. The pleas were held not to have been voluntarily made.

Even the "Helms Rule" requires that the plea must be voluntarily and understandably made before the rule is applicable. *Chavarria, Killebrew,* and *Kilpper* support the holding that the guilty plea in the instant case was not voluntarily and understandably made. I agree that the judgment of the Court of Appeals should be affirmed.

MILLER, J., joins this opinion.

CLINTON, Judge, concurring.

Joining the opinion, I write to point out again that a complete statement of the *Helms* rule may be gleaned from *White v. Beto*, 367 F.2d 557 (CA5 1966), *viz:*

"The guilty plea under the circumstances is conclusive as to defendant's guilt, admits all the facts charged and waives all non-jurisdictional defects *in the prior proceedings.*"

*Id.*, at 558 (my emphasis).

The true rule, as noted in *Harrelson v. State*, 692 S.W.2d 659, 661, n. 3 (Tex.Cr. App.1985), is explained in my separate opinion in *King v. State*, 687 S.W.2d 762, 766–767 (Tex.Cr.App.1985), after being traced to its source and criticized in my dissenting opinion in *Dees v. State*, 676 S.W.2d 403, 406–408 (Tex.Cr.App.1984), in that the federal rationale is inconsistent with Article 1.15, V.A.C.C.P. However, this is not an appropriate cause to address its validity on that basis.

As to the Concurring and Dissenting Opinion of Judge Teague, aside from being unable to understand that with which he concurs and to which he dissents, the simple fact of the matter is that Mary Shallhorn is unable to achieve "her desire" because the law will not accommodate it. For almost twenty years *Chavarria v. State*, 425 S.W.2d 822 (Tex.Cr.App.1968), and its unbroken line of progeny have precluded a trial court from accepting a plea of guilty or its equivalent made on the condition that an appeal may be taken against an adverse pretrial ruling when there is no plea bargain as to punishment. Some one should have told Mary that before the trial court entered her plea of guilty.

With those observations, I join the opinion of the Court.

TEAGUE, Judge, concurring and dissenting.

When Mary Shallhorn appealed her conviction to the Fort Worth Court of Appeals, what did she desire that court to do? The answer is quite simple: Mary only wanted that court to review the trial court's decision overruling her motion to suppress and, of course, hold that the trial court erred in overruling her motion.

What happened to Mary in the court of appeals? Well, it seems that after the court of appeals looked her case over, it told Mary that she must be patient in her desire to get a ruling on the trial court's decision, and that if she lives long enough she will some day get a review of the trial court's decision by an intermediate court of appeals. However, the court of appeals also told Mary that the day it handed down its decision was not going to be that day because she must go back to the trial court, relitigate what has already been litigated, and, implicitly, if she is still alive, she can then once again appeal to the court of appeals and, maybe, just maybe, this time she might get that court to review the trial court's decision. However, if Mary once again pleads guilty, and it is later found by the court of appeals that her plea was involuntary, Mary will get to go back to "go" and start all over.

Just recently, Chief Justice Osborn of the El Paso Court of Appeals in *La Belle v. State*, 726 S.W.2d 248 (El App.—El Paso 1987), which is another victim of the appellate game of "ping pong justice", re-

marked: "Judge Learned Hand once noted that he, as a litigant, would dread a law suit beyond almost anything else short of sickness and death. We must wonder if David Wayne La Belle now dreads appeals, and yet another opinion, as much as death. Well, worry not, death may yet come before the last opinion." (at 250).

I believe that if Mary should happen to meet David, or vice versa, given their common experience they have had to endure in appealing their convictions, the two of them should have an awful lot to talk about. Of course, they should invite the members of this Court to hear their conversation. Who knows? The members of this Court might learn a thing or two.

Although some members of this Court may need this case on their dockets another time, in the posture it presently exists, I, for one, sure don't.

In *Broddus v. State*, 693 S.W.2d 459, 461 (Tex.Cr.App.1985), in the dissenting opinion that I filed, I made the following remarks: "There has got to be a better way. The majority's decision not to formulate a better way to handle such a contention as is present in this cause, other than to simply grant a new trial [or, here, affirm the court of appeals' decision to grant of a new trial], causes the wheels of justice not to move either quickly or forward, but, instead, backwards." I continue to subscribe to those thoughts and will continue to hope and pray that a majority of this Court will someday, in the not too distant future, find the light switch that will give them light to see the error of their ways.