Desmond W. WORRELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–87–00524–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

May 5, 1988.

Stanley Schneider, Houston, for appellant.

John B. Holmes, Dist. Atty., Harris County, for appellee.

Before HUGHES, SMITH and COHEN, JJ.

## OPINION

COHEN, Justice.

Appellant pleaded guilty to the second degree felony of possession of marihuana, and the trial court assessed punishment at two years confinement, pursuant to a plea bargain.

Appellant contends that his guilty plea was rendered involuntary because the Court of Criminal Appeals has foreclosed his right to appeal the merits of his Speedy Trial Act claim by holding the Act unconstitutional in *Meshell v. State,* 739 S.W.2d 246 (Tex.Crim.App.1987).

The State argues that appellant has equated right to a forum and an opportunity to present his claim with the substantive right to a favorable ruling on the claim.

 We agree with the State. Appellant has not been procedurally prevented from appealing his Speedy Trial Act claims, even though *Meshell* renders the substantive legal issues based on article 32A.02 moot. 739 S.W.2d at 246. Appellant has a forum and an opportunity to present his claim. A later change in the substantive law does not render appellant's plea involuntary, absent a misrepresentation of the facts by his counsel or some state agent. *See Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973); *Brady v. United States,* 397 U.S. 742, 757, 90 S.Ct. 1463, 1473, 25 L.Ed.2d 747 (1970); *McMann v. Richardson,* 397 U.S. 759, 773–74, 90 S.Ct. 1441, 1450, 25 L.Ed.2d 763 (1970). *Shallhorn v. State,* 732 S.W.2d 636 (Tex.Crim.App.1987), on which appellant relies, is distinguishable because there was no plea bargain; therefore, it was governed by the *Helms*[1] rule, which barred appellate review on all "nonjurisdictional" grounds.

Finally, we note that the Tenth Court of Appeals had declared the Speedy Trial Act unconstitutional, although on different grounds, long before appellant pleaded guilty, *Meshell,* 739 S.W.2d at 248, and that the State argued unconstitutionality in the trial court in response to appellant's motion. Thus, little room for detrimental reliance exists, based on this appellate record.

Appellant's sole point of error is overruled.

The judgment is affirmed.

---

1. *Helms v. State,* 484 S.W.2d 925 (Tex.Crim.App. 1972).