Paul Allan **LARSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. C14–87–414–CR to C14–87–416–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 25, 1988.

Janet Morrow, Houston, for appellant.

John B. Holmes, Jr., Lynne Parsons, Houston, for appellee.

Before JUNELL, SEARS and CANNON, JJ.

## OPINION

CANNON, Justice.

Appellant was charged in three separate indictments with aggravated sexual assault of a child and indecency with a child. Appellant filed a written waiver of trial by jury in each case, and entered pleas of no contest in the two cases of aggravated sexual assault, and a guilty plea in the indecency with a child case. There was no agreed recommendation of punishment from the State in any of these cases. The trial court found appellant guilty of the offenses as charged and assessed punishment at sixty years confinement in each aggravated sexual assault case, and twenty years in the indecency with a child case. Appellant raises thirteen points of error. We affirm.

In his first point of error, appellant contends he was denied his right to a speedy trial as guaranteed by the United States and Texas Constitutions, as well as by the Speedy Trial Act, TEX.CODE. CRIM.PROC.ANN. art. 32A.02 § 1(1) (Vernon 1988). We note as a threshold matter that the Court of Criminal Appeals recently held the Speedy Trial Act to be in violation of the separation of powers provision of the Texas Constitution in *Meshell v. State*, 739 S.W.2d 246 (Tex.Crim.App.1987). While this decision disposes of the statutory speedy trial claims in appellant's first point of error, we must still examine the constitutional claims.

■ Formerly, a guilty plea that was voluntarily and understandably made waived all nonjurisdictional defects, including any claimed deprivation of federal due process. *Helms v. State*, 484 S.W.2d 925, 927 (Tex.Crim.App.1972). This same principle applied to a no contest plea. *Fierro v. State*, 437 S.W.2d 833, 834 (Tex.Crim.App. 1969). The *"Helms* rule" was abrogated in part by the 1977 proviso added to TEX.CODE CRIM.PROC.ANN. art. 44.02 (Vernon 1979).

This amendment allowed the right to appeal in cases where (1) there is a negotiated recommendation as to punishment, and (2) the punishment actually assessed by the trial court does not exceed the recommendation. *Ferguson v. State*, 571 S.W.2d 908, 910 (Tex.Crim.App. [Panel Op.] 1978); *Harrelson v. State*, 692 S.W.2d 659, 660–61 (Tex.Crim.App.1985).

■ The record in this case shows that appellant entered each of his pleas without an agreed recommendation from the State. Appellant also made his pleas voluntarily and with an understanding of the charges and the range of punishment in each case. Accordingly, we hold that appellant waived his claimed deprivation of the right to a speedy trial, and overrule his first point of error.

■ In his second point of error, appellant contends that the trial court erred in overruling his pretrial motion to suppress evidence and motion for discovery in the first of the aggravated sexual assault cases. Appellant argues that the probative value of the evidence was outweighed by its prejudicial effect. TEX.R.CRIM.EVID. 403. Appellant further argues that without this evidence the State's case against him would have collapsed.

■ However, because appellant pled guilty or nolo contendere to the charges against him, he waived all of these allegations. *Helms*, 484 S.W.2d at 927; *Fierro*, 437 S.W.2d at 834; *Prochaska v. State*, 587 S.W.2d 726, 729 (Tex.Crim.App. [Panel Op.] 1979). Furthermore, none of the allegedly prejudicial evidence was introduced and used to support appellant's conviction. Each of appellant's three judicial confessions were sufficient evidence to sustain his convictions. *See Ferguson*, 571 S.W.2d at 909–10.

Appellant's second point of error is overruled.

In his third point of error, appellant contends that he was deprived of (1) his fourth amendment right against unreasonable searches and seizures; (2) his fifth amendment right against self-incrimination; and

(3) due process guarantees under the United States Constitution. As in point of error two, appellant is concerned with evidence the State might have offered had appellant chosen to go to trial.

As we have previously noted, even claims of deprivation of federal due process and constitutional guarantees against unreasonable searches and seizures are waived when a defendant enters a nonnegotiated plea of guilty or no contest. *Prochaska*, 587 S.W.2d at 729; *Harrelson*, 692 S.W.2d at 660–661; *Fierro*, 437 S.W.2d at 834. Furthermore, the record does not show that any evidence obtained as a result of the alleged illegal search was introduced during appellant's plea hearing. *Prochaska*, 587 S.W.2d at 729.

Appellant's points of error four through seven contend that error occurred by (1) the denial of appellant's eighth amendment right to reasonable bail; (2) "State abuse under color of law" (encompassing delays in bringing appellant's case to trial and alleged constitutional violations in the child abuse statute); (3) the denial of appellant's right to discover evidence; and (4) improper procedures used by the grand jury.

■ An appellate court cannot accept as fact allegations or assertions contained in an appellant's brief that are not supported by the record. *Beck v. State*, 573 S.W.2d 786, 788 (Tex.Crim.App. [Panel Op.] 1978); *Steens v. State*, 681 S.W.2d 767, 768 (Tex. App.—Houston [14th Dist.] 1984, no pet.). In this case, the record does not contain any evidence supporting the allegations contained in appellant's points of error. Therefore, nothing is presented for our review.

■ Moreover, some of the issues raised in these points of error were asserted in appellant's pretrial motions, and the remainder address nonjurisdictional errors. Consequently, each of the allegations was waived when appellant entered his nonnegotiated pleas of guilty and no contest. *Prochaska*, 587 S.W.2d at 729; *Harrelson*, 692 S.W.2d at 660–661; *Fierro*, 437 S.W.2d at 834.

Appellant's points of error four through seven are overruled.

■ In point of error eight, appellant contends that he was denied effective assistance of counsel. Specifically, he complains that he was never given the opportunity to confer with his court-appointed attorney prior to the date of trial; that his trial attorney was unfamiliar with his cases and the applicable law; and that the fee schedule for appointed lawyers in place at the time of his trial, and the District Attorney's special task force on child abuse, denied him effective assistance of counsel.

An essential requisite in attacking a plea of guilty on the ground of ineffective assistance of counsel is showing that the plea of guilty was unknowingly and involuntarily entered. *Ex parte Adams*, 707 S.W.2d 646, 648 (Tex.Crim.App.1986). The United States Supreme Court established a two-prong test for analyzing a claim of ineffective assistance of counsel in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This test also applies to challenges to guilty pleas based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Under the first part of the test, the appellant must show that his counsel's performance fell below an objective standard of reasonableness. Once this burden is met, the appellant must show that there is a reasonable probability that, but for counsel's errors, he would not have entered his pleas and would have insisted on going to trial. 106 S.Ct. at 369–70.

The *Strickland* test was adopted in Texas in *Ingham v. State*, 679 S.W.2d 503, 509 (Tex.Crim.App.1984). Reasonable representation is to be judged by "the totality of the circumstances" rather than by isolated acts or omissions of trial counsel. *Butler v. State*, 716 S.W.2d 48, 54 (Tex.Crim.App. 1986). The right to counsel, whether appointed or retained, does not mean errorless counsel. *Williams v. State*, 549 S.W. 2d 183, 189 (Tex.Crim.App.1977). Furthermore, the fact that another attorney might have pursued a different course of action at trial will not support a finding of ineffective assistance of counsel. *Passmore v.*

*State*, 617 S.W.2d 682, 686 (Tex.Crim.App. 1981).

In this case, appellant's claims of ineffective assistance are little more than assertions unsupported by the record. In fact, the record shows that appellant and his attorney had the opportunity to discuss his case, and on several occasions appeared together in court. Moreover, the record shows that appellant's counsel reviewed the State's evidence and strongly recommended that appellant accept the State's plea bargain offer, a recommendation that appellant refused.

Accordingly, we hold that appellant has not met his burden under the first part of the *Strickland–Hill* test in showing that his counsel's performance fell below an objective standard of reasonableness.

Additionally, the record contains no evidence of the assertions made by appellant with respect to the fee schedule and the task force. Therefore, nothing is presented for our review. *Beck*, 573 S.W.2d at 788. Appellant's seventh point of error is overruled.

■ In his ninth point of error, appellant contends that "tainted pretrial proceedings" forced him to enter his pleas of guilty and no contest. He argues that he entered his three pleas in part because he believed that he had the right to appeal the rulings on his pretrial motions.

A trial court may not accept a plea of guilty or no contest unless it appears that the plea is free and voluntary. *Brady v. United States*, 397 U.S. 742, 747–48, 90 S.Ct. 1463, 1468–69, 25 L.Ed.2d 747 (1970); Tex.Code Crim.Proc.Ann. art 26.13 (Vernon 1988). The purpose and function of the mandates set forth in article 26.13 are to ensure that a constitutionally valid plea is entered and accepted by the trial court; that the defendant enters into the plea with full knowledge of the consequences; and that there is substantial compliance by the trial court with the required admonishments. *Whitten v. State*, 587 S.W.2d 156, 157–58 (Tex.Crim.App.1979).

■ A plea is rendered invalid if the trial court promises a defendant rights which do not exist. If a plea is predicated upon an incorrect assurance from the trial court that certain specific matters may be appealed, it is deemed a "conditional" plea, and the defendant's due process rights are violated. *Nycum v. State*, 650 S.W.2d 91 (Tex.App.—Houston [14th Dist] 1982, no pet.). Similarly, a defendant's rights to due process of law are infringed where, even though there was no improper inducement by the trial court, the record shows that a no contest plea was made "subject to" or "in reliance on" the preservation of an asserted point of error for appellate review. *Killebrew v. State*, 464 S.W.2d 838, 839 (Tex.Crim.App.1971); *see also Harrelson*, 692 S.W.2d at 660–61.

In this case, appellant claims that his pleas were entered with the "erroneous understanding" of a right to appeal the rulings on his pretrial motions. Because he entered his pleas without an agreed recommendation from the State, all nonjurisdictional defects, including claimed deprivations of federal due process were waived. *Prochaska*, 587 S.W.2d at 728–29. We must now determine whether the record shows that appellant entered his pleas "subject to" or "in reliance on" the preservation of the right to appeal the trial court's rulings.

The record shows that while the trial court ruled on all of the pretrial motions in the first case against appellant, there is no evidence of any agreement, stipulation or statement by appellant that he entered his pleas "subject to" or "in reliance on" his right to appeal. On the contrary, appellant indicated that he was making his pleas freely and willingly: "I learned my course and kept the faith. I am ready to face up to society and pay my time."

Based upon our review of the record, we hold that the evidence clearly shows that appellant entered his pleas knowingly and voluntarily, and furthermore, that appellant did not enter his pleas with the understanding that he was preserving his right to appeal the rulings on his pretrial motions. Point of error nine is overruled.

■ In his tenth point of error, appellant contends that the indictment in one of the aggravated sexual assault cases was fatally defective in that the alleged crime or criminal conduct described on the face of the indictment is not specified as an act in violation of any section of the Texas Penal Code.

The indictment in cause number 449,008 alleged that appellant:

"intentionally and knowingly caused the sexual organ of [the complainant], a person younger than fourteen years of age and not his spouse, to contact *and* penetrate the sexual organ of the Defendant. (emphasis added).

Under the statute, a person commits the offense if he:

causes the sexual organ of a child to contact *or* penetrate the ... sexual organ of another person, including the actor;

TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(iii) (Vernon Supp.1988).

As we have previously noted, appellant entered his pleas without an agreed recommendation from the State, thereby waiving all nonjurisdictional defects. *Prochaska,* 587 S.W.2d at 728-29.

■ Furthermore, in order to constitute reversible error, a defect of form in an indictment must prejudice the substantial rights of the defendant. TEX.CODE CRIM. PROC.ANN. art. 21.19 (Vernon 1966). The indictment was defective only in the substitution of the word "and" for the word "or." Appellant pled no contest to the charge in that indictment, and the record before us fails to show that the defect in form prejudiced his rights. Appellant's tenth point of error is overruled.

■ In a supplemental brief, appellant raises three additional points of error. In these points, appellant contends that the trial court erred in assessing punishment and sentencing him before obtaining a waiver of a presentencing report; that the indictment in the indecency with a child case was fatally defective; and that the trial court erred in refusing to allow appellant to inspect the record.

In his first point, appellant claims that the trial court coerced him into signing a waiver of a presentence investigation report (PSI), in violation of his rights under TEX.CODE CRIM.PROC.ANN. 42.12 § 4(a), (b) (Vernon Supp.1988).

The record does not support appellant's allegations and nothing is presented for our review. *Beck,* 573 S.W.2d at 788. Furthermore the waiver was signed by both appellant and his attorney. Appellant also told the trial judge that he was aware of his right to a PSI report, but wished to sign a waiver. The first supplemental point of error is overruled.

In appellant's second point, he again attacks the validity of an indictment, this time on the ground that the indictment in cause number 449,009 did not properly allege the offense of indecency with a child. We note that appellant entered his pleas without an agreed recommendation from the State, thereby waiving all nonjurisdictional defects. *Prochaska,* 587 S.W.2d at 728-29.

■ Furthermore, the indictment alleged all the necessary elements of the offense of indecency with a child. The indictment read in part:

with intent to arouse the sexual desire of the Defendant have sexual contact by touching the genitals of [the complainant], a child under the age of seventeen years and not his spouse.

The indictment tracked the language of the indecency with a child statute, which states that a person commits the offense if he engages in sexual contact with a child younger than seventeen years of age and not his spouse. TEX.PENAL CODE ANN. § 21.11(a)(1) (Vernon Supp.1988). The "by touching the genitals of" language is simply an incorporation of the definition of "sexual contact" contained in Penal Code section 21.01(2). We therefore hold that the indictment properly alleged the offense charged. Appellant's second supplemental point of error is overruled.

In his last point of error, appellant contends that the trial court erred by refusing to allow him an opportunity to inspect the

record in his cases. Appellant also states that he believes the record was either negligently prepared or maliciously altered. This contention is without merit.

Once again, appellant makes a series of unfounded allegations with no support in the record. Although he states that his motion to obtain the transcript was overruled by the trial judge, the record contains no indication of this. Furthermore, we cannot accept as fact allegations or assertions in appellant's brief that are not supported by the record. *Beck,* 573 S.W.2d at 788; *Steens,* 681 S.W.2d at 768. There is no indication of negligent preparation or malicious alterations in the record of appellant's cases. Therefore, we will overrule appellant's final point of error.

The judgment is affirmed.