Scotty James McCOLLUM, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–91–00940–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 24, 1992.

Rehearing Denied Nov. 25, 1992.

**448**

Foreman, DeGeurin & Nugent, Mike De-Geurin, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Linda A. West, Barrett Reasoner, Asst. Dist. Attys., Houston, for appellee.

Before OLIVER–PARROTT, C.J., and O'CONNOR and WILSON, JJ.

## OPINION

OLIVER–PARROTT, Chief Justice.

This is an appeal from a conviction for possession with intent to deliver lysergic acid diethylamide. Appellant, Scotty James McCollum, entered a plea of guilty before the trial court without an agreed recommendation on punishment. The trial deferred adjudication of guilt and placed appellant on probation for a period of 10 years. As a term of his deferred adjudication, appellant was ordered to serve 90–days confinement in the Harris County jail and to pay a fine of $1,000. We reverse and remand.

In his first and second points of error, appellant asserts the trial court erred in denying his motion to suppress because the State conducted a warrantless detention, search, and arrest (1) in violation of his fourth and fourteenth amendment rights guaranteed by the United States Constitution, and (2) in violation of his rights guaranteed under article I, section 9 of the Texas Constitution and article 38.23 of the Texas Code of Criminal Procedure. In his third point of error, appellant argues the trial court erred in finding that he voluntarily consented to the search of his vehic-

le. Appellant further contends that, even if his consent was voluntarily given, the State exceeded the scope of the consent given.

Appellant asserts that his guilty plea was made pursuant to a plea agreement with the State, and therefore, appeal is allowed. TEX.R.APP.P. 40(b)(1). Appellant has misstated the record. Clearly, appellant's plea was made without agreement recommendation.

Since the plea was without agreed recommendation or plea bargain, if it was voluntarily and understandingly made, all nonjurisdictional defects are waived. *Shallhorn v. State*, 732 S.W.2d 636, 637 (Tex.Crim. App.1987). The State asserts that the record shows that appellant's plea of guilty was conditioned upon appellant being able to obtain appellate review of the trial court's ruling on his motion to suppress. Thus, appellant's plea was involuntary, and the cause should therefore be remanded. We agree.

Where it is obvious from the record that the trial court, defense counsel, and appellant are laboring under the false impression an appeal is in order at the time when the plea is entered, the plea is involuntary and a reversal is mandated. *Id.* Immediately prior to the plea, the court held the hearing on appellant's motion to suppress. Initially, the court made no ruling and allowed defense counsel two weeks to do more research on the issues involved. The statement of facts then reveals "off the record proceedings were held," which were followed by the "on the record" overruling the motion to suppress and taking appellant's plea. The court stated he was specifically granting appellant "permission to appeal the motion to suppress evidence" and that he was going to "allow the same bond to remain in effect pending appeal." Immediately, after the plea, appellant filed what was entitled "Written Notice of Appeal as to Motion to Suppress." The judge signed that document and set the appeal bond at $10,000 with the notation that the original "bond to remain in effect." Although the notice did not specifically state that the trial court had granted permission

to appeal, the record read in its entirety clearly shows that the court, appellant, and appellant's counsel all believed an appeal would be allowed. Because of this erroneous assumption, the plea was not voluntary or knowing. *Shallhorn,* 732 S.W.2d at 637; *Christal v. State,* 692 S.W.2d 656 (Tex.Crim.App.1985).

The judgment is reversed, and the case is remanded to the trial court for a new trial.