TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00355-CR





George Louis Duke, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT


NO. 8640, HONORABLE H. R. TOWSLEE, JUDGE PRESIDING






 Appellant, George Louis Duke, pleaded guilty before a jury to aggravated sexual assault
of a child. See Tex. Penal Code Ann. § 22.021 (West Supp. 1998). The jury assessed punishment at
ninety-nine years in the Texas Department of Criminal Justice Institutional Division. On appeal, appellant
raises three points of error. Finding that appellant has not raised any issue requiring reversal, we will affirm.


DISCUSSION

 By three points of error, appellant challenges the use of the State's peremptory strikes
against potential Hispanic jury members, attacks the voluntariness of his confession, and claims that the trial
court committed reversible error in failing to sustain his challenge for cause to a prospective juror. 
Appellant, however, entered a nonnegotiated guilty plea, thereby removing his right to appeal these issues. 
Where there is no plea bargain and a plea of guilty is voluntarily and understandingly made, all
nonjurisdictional defects, including claimed deprivations of federal due process, are waived. See Shallhorn
v. State, 732 S.W.2d 636, 637 (Tex. Crim. App. 1987); Helms v. State, 484 S.W.2d 925, 927 (Tex.
Crim. App. 1972). Before the punishment phase began, the trial court examined appellant outside the
presence of the jury as to the voluntariness of his plea. When the trial court asked appellant whether he
was freely and voluntarily entering his plea of guilty, appellant responded "Yes, I am." Appellant, therefore,
cannot complain of these matters on appeal.

 Even assuming that appellant could complain of the State's use of peremptory strikes under
Batson v. Kentucky, 476 U.S. 79 (1986), or of the trial court's refusal to strike a juror for cause,
appellant has failed to preserve any error. To preserve an issue for appeal, there must have been a timely
objection specifically stating the legal basis for the objection. See Tex. R. App. P. 33.1. See also Rezac
v. State, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990); Parra v. State, 935 S.W.2d 862, 869 (Tex.
App.--Texarkana 1996, no writ). The Texas Court of Criminal Appeals has held that a Batson objection
is timely if the defendant makes the motion before the jury is sworn and the remainder of the venire is
dismissed. See Henry v. State, 729 S.W.2d 732, 736-37 (Tex. Crim. App. 1987). The Legislature
enacted a statute requiring the objection to be raised before the jury is impanelled. See Tex. Code Crim.
Proc. Ann. art. 35.261 (West 1989). Appellant does not cite this Court to any evidence that he raised a
Batson challenge before the jury was impanelled or sworn. In his brief, appellant argues that the
prosecutor's explanation for striking three Hispanic jurors was not racially neutral. This argument,
however, is based on testimony that the prosecutor gave at the hearing on the motion for new trial, and
appellant may not use a hearing on a motion for new trial to develop a record for a Batson claim. See
Prosper v. State, 788 S.W.2d 625, 627 n.2 (Tex. App.--Houston [14th Dist.] 1990, pet. ref'd). 
Consequently, under either standard, appellant has failed to preserve error.

 Regarding appellant's complaint about striking a juror for cause, error is preserved only
if appellant used all his peremptory strikes, asked for and was refused additional peremptory strikes, and
was then forced to take an identifiable, objectionable juror whom he would have struck had the trial court
granted his challenge for cause or granted him additional peremptory strikes. See Lewis v. State, 911
S.W.2d 1, 4 (Tex. Crim. App. 1995); Bigby v. State, 892 S.W.2d 864, 882-83 (Tex. Crim. App. 1994). 
Although it appears that appellant used all of his peremptory strikes, the record does not reflect that
appellant requested additional peremptory strikes. Further, appellant did not declare at trial and does not
claim on appeal that he was forced to accept a specific juror as a result of exhausting his peremptory strikes
and the denial of additional ones. 


CONCLUSION

 For the reasons stated above, appellant's first, second, and third points of error are
overruled. The judgment of the trial court is affirmed.



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: February 20, 1998

Do Not Publish



AN STYLE="font-family: CG Times Regular"> By three points of error, appellant challenges the use of the State's peremptory strikes
against potential Hispanic jury members, attacks the voluntariness of his confession, and claims that the trial
court committed reversible error in failing to sustain his challenge for cause to a prospective juror. 
Appellant, however, entered a nonnegotiated guilty plea, thereby removing his right to appeal these issues. 
Where there is no plea bargain and a plea of guilty is voluntarily and understandingly made, all
nonjurisdictional defects, including claimed deprivations of federal due process, are waived. See Shallhorn
v. State, 732 S.W.2d 636, 637 (Tex. Crim. App. 1987); Helms v. State, 484 S.W.2d 925, 927 (Tex.
Crim. App. 1972). Before the punishment phase began, the trial court examined appellant outside the
presence of the jury as to the voluntariness of his plea. When the trial court asked appellant whether he
was freely and voluntarily entering his plea of guilty, appellant responded "Yes, I am." Appellant, therefore,
cannot complain of these matters on appeal.

 Even assuming that appellant could complain of the State's use of peremptory strikes under
Batson v. Kentucky, 476 U.S. 79 (1986), or of the trial court's refusal to strike a juror for cause,
appellant has failed to preserve any error. To preserve an issue for appeal, there must have been a timely
objection specifically stating the legal basis for the objection. See Tex. R. App. P. 33.1. See also Rezac
v. State, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990); Parra v. State, 935 S.W.2d 862, 869 (Tex.
App.--Texarkana 1996, no writ). The Texas Court of Criminal Appeals has held that a Batson objection
is timely if the defendant makes the motion before the jury is sworn and the remainder of the venire is
dismissed. See Henry v. State, 729 S.W.2d 732, 736-37 (Tex. Crim. App. 1987). The Legislature
enacted a statute requiring the objection to be raised before the jury is impanelled. See Tex. Code Crim.
Proc. Ann. art. 35.261 (West 1989). Appellant does not cite this Court to any evidence that he raised a
Batson challenge before the jury was impanelled or sworn. In his brief, appellant argues that the
prosecutor's explanation for striking three Hispanic jurors was not racially neutral. This argument,
however, is based on testimony that the prosecutor gave at the hearing on the motion for new trial, and
appellant may not use a hearing on a motion for new trial to develop a record for a Batson claim. See
Prosper v. State, 788 S.W.2d 625, 627 n.2 (Tex. App.--Houston [14th Dist.] 1990, pet. ref'd). 
Consequently, under either standard, appellant has failed to preserve error.

 Regarding appellant's complaint about striking a juror for cause, error is prese