Donald DeWayne Freier v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-098-CR
&
No. 10-99-099-CR

     DONALD DeWAYNE FREIER,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the Criminal District Court No. 3
Tarrant County, Texas
Trial Court Nos. 0692642D & 0692647D
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Appellant Freier appeals two separate convictions for sexual assault of a child under seventeen
years of age. Both cases were tried together. There is one reporter's record and the briefs in each
case are identical.
      On January 21, 1999, Appellant judicially confessed and entered guilty pleas to the offense
charged in each indictment. 
      On March 8, 1999, the court, after reviewing a pre-sentence investigation report and hearing
testimony, found Appellant guilty in both cases and sentenced him in each case to twenty years
in the Institutional Division of the Texas Department of Criminal Justice.
      Appellant filed a timely notice of appeal. Appellant's court-appointed counsel on appeal has
filed a brief in each case in which he details the evidence, and in which he concludes that the
record contains no reversible error, and that the appeal in each is without merit and is frivolous.
      Appellant's briefs meet the requirements of Anders v. California, 386 U.S. 738 (1967) and
High v. State, 573 S.W.2d 907 (Tex. Crim. App. 1978), by presenting a professional evaluation
of the record demonstrating why there are no arguable grounds for reversal.
      Appellant's briefs point out that Appellant's judicial confession and plea of guilty in each case
admits all facts charged in the indictments, and that all non-jurisdictional defects were waived. 
Shaldhorn v. State, 732 S.W.2d 636 (Tex. Crim. App. 1987. Counsel further states that there is
nothing in the record to support a claim of ineffective assistance of counsel. Ex parte McWilliams,
634 S.W.2d 815 (Tex. Crim. App. 1982). Appellant's counsel further notes that there is nothing
to indicate the pleas were not voluntarily and knowingly entered by Appellant as open pleas. 
Brown v. State, 943 S.W.2d 35 (Tex. Crim. App. 1997).
      The judge assessed punishment within the statutory range of punishment. The judgments are
regular on their face and contain all requirements set out in the Texas Code of Criminal Procedure,
article 42.01.
      Appellant's briefs certify that copies were served on Appellant on June 2, 1999. Appellant
has filed no pro se briefs and no extension of time in which to file same has been requested.
      We have examined both briefs and agree that both appeals are frivolous and without merit,
and we find nothing in the record that might arguably support an appeal.
      Appellant's appointed counsel has further made a request and motion to withdraw as attorney
in each case. Those motions are granted.
      Judgments in both cases are affirmed.
 
                                                                         FRANK G. McDONALD
                                                                         Chief Justice (Retired)

Before Chief Justice Davis,
      Justice Vance and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed September 15, 1999
Do not publish



ept that a support order may be
modified only as to obligations accruing after the earlier of the date of service of citation
or an appearance on the motion to modify . . . .

(Emphasis added).




      Walters argues that because the divorce decree did not "provide[] for the support of a child,"
her motion to modify required the court to make an initial determination of child support. We
disagree for two reasons. First, the divorce decree expressly provides for the support of the
children. In the original proceeding the court found that the agreement of the parties, containing
provisions for support of the children, was in the best interest of the children and ordered that no
child support be paid by either party. Second, Walters pleading supports a modification only on
the basis of a material and substantial change of circumstances. As a result, the trial court
properly applied section 14.08(c)(2) to Walters' motion to modify.
      In determining whether a modification in child support payments is appropriate, the trial court
should examine the circumstances of the children and parents at the time the prior decree was
rendered in relation to the circumstances existing at the time the prior order is sought to be
modified.


 Walters called three witnesses and introduced copies of Taylor's 1989 and 1990 tax
returns.
      Walters first witness was Marc L. Irvin, a trust officer in the Personal Trust Administration
Division of Texas Commerce Bank. On direct examination Irvin testified only that he
administered the testamentary trust of James Baldwin, Walters' father, and that Walters' mother,
Margie Carpenter, was the trustee. On cross-examination, Irvin testified that he routinely makes
distributions from the trust of $4000 per month to Walters. At the direction of the trustee, Irvin
occasionally made additional distributions of trust assets to Walters. Without the trust records he
was unable to accurately estimate the total amount of additional disbursements. According to
Irvin, however, Walters very well could have received in excess of $120,000 from the trust during
the past year.
      Walters then called Taylor as a witness. He testified that, in addition to the child support
provisions contained in the divorce decree, the children continued to live in the home in which he
retained an interest and he provided health insurance coverage for the children. Taylor worked
for Zerod Company Realtors at the time of the divorce and earned approximately $22,500 in 1984. 
He worked for Pioneer Plastics from March 26, 1987, until October 8, 1990. His 1989 income
tax return reflected an adjusted gross income of $31,268. Between October 1990 and October
1991 he worked briefly in California. His 1990 income tax return reflected an adjusted gross
income of $26,142. According to Taylor, at the time of the hearing he was training as a Farmers
Insurance agent, and his income since October 18 had been zero.
      Of the four children, only two were under the age of eighteen at the time of the hearing. All
four children had attended a private elementary and secondary school, and one was now attending
Southern Methodist University. Walters testified that in 1984 the total cost for enrolling four
children at St. John's was approximately $15,000. Tuition for the two children enrolled in 1991
was approximately $13,000. According to Walters, at the time of the divorce she received a
"small amount from the antique furnishings" that she was selling with her sister, but was not
earning any income at the time of the hearing. She was assisting her current husband in his work
and was receiving no salary.
      Although the trial judge had repeatedly admonished Walters' counsel that he had heard no
evidence of a material and substantial change of circumstances, Walters rested at the conclusion
of her testimony. Because there is no evidence that the circumstances of the children or a person
affected by the divorce decree had materially and substantially changed since the date of the
divorce, we overrule points one through seven.
      In points eight and nine Walters contends that the court erred in failing to make findings of
fact and conclusions of law pursuant to section 14.057 of the Family Code and Rules 296 and 297
of the Rules of Civil Procedure. Walters, however, failed to request the findings specified by
section 14.057 of the Family Code. Furthermore, when a trial court grants a motion for judgment
in a non-jury trial after the plaintiff rests, and there is no evidence to support an element of the
plaintiff's case, the court is not authorized to make findings of fact.


 Indeed, with no evidence of
a material or substantial change in the record, the only finding or conclusion the court could have
made is that the Walters' motion was entirely without merit. This the court did in the written
order denying the motion to modify. We overrule points of error eight and nine.
      We affirm the order of the trial court denying Walters' motion to modify. Finally, Taylor
requests damages for delay as authorized by Rule 84 of the Rules of Appellate Procedure. Because
Walters has taken this appeal for delay and without sufficient cause, we award Taylor $1166,
which is four times the total taxable costs, as damages against Walters.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Justice Cummings and
          Justice Vance
          (Chief Justice Thomas not participating)
Affirmed
Opinion delivered and filed 
Do not publish