Clodis Jean CHRISTAL, Appellant,

v.

The STATE of Texas, Appellee.

No. 67410.

Court of Criminal Appeals of Texas,
Panel No. 2.

Oct. 21, 1981.

Rehearing Denied April 17, 1985.

Rehearing Denied July 24, 1985.

Janet Seymour Morrow, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and James C. Brough and Frank Harmon, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P.J., and TOM G. DAVIS and CLINTON, JJ.

## OPINION

CLINTON, Judge.

This appeal is taken from a conviction for the offense of possession with intent to deliver hydromorphone that resulted from appellant's plea of nolo contendere. The trial court assessed punishment at 25 years confinement. The record reflects that appellant waived his right to a trial by jury on September 15, 1978, and at a bench trial November 17, 1978 appellant signed a written stipulation of evidence and entered his nolo contendere plea. Earlier the same day the trial court had held a hearing and denied appellant's motion to suppress.[1] There is no evidence of a plea bargain, but it is patent from the record that appellant entered an impermissibly conditional plea of nolo contendere.[2]

The record contains a transcription of notes of the court reporter of a hearing

---

1. The motion sought to suppress as evidence, *inter alia*, the controlled substance he was charged with possessing illegally, the assertion being that it had been obtained by a search and seizure during the execution of a search warrant which, with its supporting affidavit, was alleged to be constitutionally defective.

2. See *Chavarria v. State*, 425 S.W.2d 822 (Tex. Cr.App.1968); *Killebrew v. State*, 464 S.W.2d 838 (Tex.Cr.App.1971), reversing on the basis even though not raised by appellant; and others cited in *Wooten v. State*, 612 S.W.2d 561, 562 (Tex.Cr.App.1981). The matter is of constitutional due process dimension, "subject to collateral attack," *Mooney v. State*, 615 S.W.2d 776, 778 (Tex.Cr.App.1981).

on appellant's motion for new trial.[3] This turned out to be a lengthy, extensive hearing and although much is not relevant to our discussion now, appellant's trial attorney did reveal his strategy in representing appellant, as follows:

"Q: And—uh—did you tell Mr. Christal that you could possibly advance this claim of a police conspiracy against him in a trial either before this Court or the jury?

A: Yes, and the decision—our decision was to proceed on the search question—uh—based on a recent Supreme Court case that came out in July, Franks vs. Delaware, and—uh—proceed—uh—on a plea of no contest and then appeal the search question.

Q: Was the Defendant in agreement with your decision?

A: At that time, yes."

During cross examination he further stated:

"Q: You never represented to this client that you were going to present that conspiracy issue to any judicial body?

"A: We were proceeding—we were hoping that the U.S. Attorney's Office would be investigating this case. We did present this—these issues to the U.S. Attorney's Office for investigation. Uh, once the decision was made on how we were to proceed in this Court on this case, then the charge of possession of a—or intent to distribute 205 pills, we had *no intent of presenting that issue to the Court because the issue was it was going to be presented on appeal regarding the search warrant.*"[4]

It is clear then, that appellant was told by his attorney that he would still be able to appeal the issue of the validity of the search to this Court after he pleaded nolo contendere.

Moreover, appellant was specifically told as much by the trial judge. When the trial judge admonished appellant regarding the consequences of his entering the nolo contendere plea, he also stated, albeit in a context of an agreed punishment recommendation, that "you would then lose your right to appeal this decision to the Court of Criminal Appeals, Austin, Texas, *excepting for the pretrial matter that we have already covered.*"[5] It appears from the record that during sentencing the trial judge again informed appellant of his rights to appeal and to have assistance of appellate counsel; notice of appeal was then given in open court. After the hearing on the motion for new trial, appellant was told by the trial judge for the third time that he had the right to appeal, and though there was a colloquy concerning appellate counsel being compensated from private sources the court ordered the reporter to furnish a copy of the proceedings "for the use of the Defendant in this matter."

Additionally, appellant himself testified, germanely as follows:

"Q: Now, you had to appear before the Judge and enter that plea on November 17th. Do you recall certain admonishments or certain statements that *the Court* made to you when you entered that plea of no contest?

A: Yes, sir.

\* \* \* \* \* \*

Q: There was?

---

**3.** This hearing was held to determine the issue of ineffective assistance of counsel. Appellant was represented at this hearing by two different attorneys. There was also a hearing held before appellant was sentenced to determine just who was representing him.

**4.** All emphasis is mine unless otherwise indicated.

**5.** As a prelude to accepting his plea the trial court later drew from appellant his understanding "that you can lose [sic] your right to appeal this decision accepting [sic] as what has been explained to you by the Court."

A: My lawyer told me to plead no contest.

Q: You didn't plead no contest on the day you stood before this Judge and gave up your right to a jury trial, did you, sir?

A: Yes, sir. I pled no contest. He asked me how I plead and I pled no contest.

Q: You didn't plead no contest until after this whole hearing and you heard Officer Williams testify about how he had a search warrant and went in your apartment and found the drugs and that was two months later, wasn't it?

A: I don't never remember pleading guilty.

Q: I said pleading no contest.

A: Oh, yes, sir."

In *Wooten v. State*, 612 S.W.2d 561, 563 (Tex.Cr.App.1981) the Court examined a similar situation presented in relation to the waiver of a speedy trial claim, and wrote:

"As this corollary rule was explained in *Allen v. State*, 474 S.W.2d 480, 482 (Tex. Cr.App.1972), the error of accepting a conditional plea of guilty does not arise merely because the plea was entered after the denial of a pretrial motion if '[t]here was no agreement, no stipulation nor was it ever mentioned that appellant entered his plea ... subject to or in reliance upon his motion [that was denied].' *If the plea was entered with such an agreement or understanding that the merits of the motion would be preserved for appeal, then the trial court was not authorized by state law to accept such a plea. Kilpper v. State*, 491 S.W.2d 117 (Tex.Cr.App.1975); *Killebrew v. State*, 464 S.W.2d 838 (Tex.Cr.App. 1971); *Chavarria v. State*, 425 S.W.2d 822 (Tex.Cr.App.1968). As a matter of constitutional law a guilty plea cannot be said to have been voluntary if it was induced by an agreement, approved by the Court, that a question could be ap-

pealed, when that agreement cannot be fulfilled."

The reasoning in *Wooten v. State*, supra, applies with full force to guilty pleas, or pleas of nolo contendere, entered in reliance on such an agreement or with the understanding that the search issue could likewise be preserved for appeal. *Mooney v. State*, 615 S.W.2d 776, 777–778 (Tex.Cr. App.1981).

We therefore find that this plea cannot meet constitutional muster in that it was not entered voluntarily or knowingly. *Mooney v. State*, supra; *Wooten v. State*, supra. On remand appellant must be allowed to replead.

The judgment of the trial court is reversed and the cause is remanded.

Before the Court en banc.

## OPINION ON STATE'S MOTION FOR REHEARING

W.C. DAVIS, Judge.

The facts concerning appellant's plea of nolo contendere are adequately set out in our original opinion and will not be repeated. On original submission a panel of this Court reversed the judgment of the trial court because the plea was an impermissible conditional plea in that appellant pleaded nolo contendere with the incorrect understanding that he would retain his right to appeal an unfavorable ruling on a pretrial motion to suppress.

Art. 44.02, V.A.C.C.P. limits the right of appeal only in *plea bargained* cases, and at the same time encourages guilty pleas in plea bargained cases where the only contested issue is some matter, such as the lawfulness of a search or other matters that may be raised by written motion filed prior to trial. *Prochaska v. State*, 587 S.W.2d 726 (Tex.Cr.App.1979); *Ferguson v. State*, 571 S.W.2d 908 (Tex.Cr.App.1978).

▇▇ Where, as in the instant case, there is no evidence of a plea bargain, the *Helms*[1] rule applies: "Where a plea of guilty is *voluntarily and understanding-*

1. *Helms v. State*, 484 S.W.2d 925, 927 (Tex.Cr.   App.1972).

*ly made,* all nonjurisdictional defects including claimed deprivation of federal due process are waived. (citations omitted)." (emphasis added). If, after the pretrial motion to suppress was overruled, appellant had pleaded guilty, without more, no issue would be presented. See *Cleveland v. State,* 588 S.W.2d 942 (Tex.Cr.App.1979); *Prochaska,* supra.

 Since there was no evidence of a plea bargain, appellant could not appeal his search issue. *Prochaska,* supra; *Helms,* supra. However, appellant pleaded nolo contendere with the understanding that the search issue could be preserved for appeal. Therefore, his plea was not entered voluntarily or knowingly. *Kilpper v. State,* 491 S.W.2d 117 (Tex.Cr.App.1973).

The State's motion for rehearing is denied.