Herbert Raymond **ROGERS**, Appellant,

v.

The **STATE** of Texas, State.

No. 2–86–011–CR.

Court of Appeals of Texas, Fort Worth.

Oct. 15, 1986.

Zachry, Kearney, Hill, Beatty & Butcher, Allan K. Butcher, Fort Worth, for appellant.

Tim Curry, C. Chris Marshall, Delonia A. Watson, Mike Parrish and Brent Carr, Fort Worth, for the state.

Before FENDER, C.J., and BURDOCK and HILL, JJ.

OPINION

FENDER, Chief Justice.

Appellant, Herbert Raymond Rogers, pled guilty, after receiving the court's specific assurances that he could appeal the

court's adverse rulings made at a hearing before the trial on appellant's written pretrial motions, to the offense of aggravated robbery with a deadly weapon. *See* TEX. PENAL CODE ANN. sec. 29.03 (Vernon 1974). Appellant's plea was given without the benefit of a plea bargain.

When a defendant voluntarily and understandingly pleads guilty without the benefit of a plea bargain he waives his right to appellate review of any nonjurisdictional defects including claimed deprivations of federal due process. *See Helms v. State,* 484 S.W.2d 925, 927 (Tex.Crim.App. 1972); TEX.CODE CRIM.PROC.ANN. art. 44.03 (Vernon 1979). However, where the plea is premised on the court's erroneous assurances that such defects may be appealed, the plea is considered involuntary and the cause must be reversed and remanded. *See Broddus v. State,* 693 S.W.2d 459, 461 (Tex.Crim.App.1985); *Harrelson v. State,* 692 S.W.2d 659, 661 (Tex. Crim.App.1985); *Christal v. State,* 692 S.W.2d 656, 658 (Tex.Crim.App.1981).

In light of the fact that the State's supplemental brief admits appellant's argument is supported by these authorities, we find that appellant's plea was involuntary and we reverse and remand to the trial court for a new trial.

Judgment reversed and remanded.