**Johnny Ray BOOKER a/k/a Johnny Ray Brooks, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–90–768–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 8, 1991.

Rehearing Overruled Sept. 5, 1991.

Discretionary Review Granted
Dec. 11, 1991.

Walter Conway, Houston, for appellant.

Carmen Falls Hunter, Houston, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

Appellant entered a plea of nolo contendere before the court to the offense of theft. TEX.PENAL CODE ANN. § 31.03. He was convicted and the court assessed punishment, enhanced under TEX.PENAL CODE ANN. § 12.42(d), at imprisonment for thirty-five years. We reverse and remand.

Appellant raises two points of error. In his first point of error, appellant contends that the trial court erred in not quashing the indictment, or in the alternative, in not quashing the enhancement allegations of the indictment. In his second point of error, appellant asserts that the trial court erred in not sentencing him to a term of ten years or less.

The judgment in this cause recites that appellant entered his plea of nolo contendere "without an agreed recommendation ..." as to punishment. Recitals contained in a judgment create a presumption of regularity and truthfulness, absent an affirmative showing to the contrary. *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex.Crim.App.1984). The record of the hearing on appellants plea of nolo contendere clearly reflects that appellant entered his plea without an agreed punishment recommendation. Where a plea of guilty or nolo contendere is voluntarily and understandingly entered without a plea bargain agreement, all nonjurisdictional defects, including claimed deprivations of federal due process, are waived. *King v. State*, 687 S.W.2d 762, 766 (Tex.Crim.App.1985). However, where it is obvious from the record that the trial court, defense counsel

and the appellant are laboring under the false impression an appeal is in order, the plea was not entered voluntarily and knowingly. *Shallhorn v. State*, 732 S.W.2d 636, 637 (Tex.Crim.App.1987).

In the instant cause, the hearing on the pre-trial motions, the plea, and the sentencing hearing were held the same day. After the trial court denied the pre-trial motions, the appellant pled nolo contendere and when asked if he wanted to waive the ten days in which to file a motion for new trial and accept sentencing now, appellant responded:

I am going to accept sentence today, but I am going to appeal the case.

After sentence was pronounced at thirty-five years, the following colloquy occurred:

THE COURT: ... You may have credit for your jail time. Notice of appeal, as you have already indicated, will be noted. Thank you. Good luck.

DEFENSE COUNSEL: Thank you. I would like to give formal notice of appeal in open court.

THE COURT: All right. Let the record reflect.

It is clear from the record that, at the time he entered his plea of nolo contendere, appellant was operating under the mistaken belief that he had a right to appeal. The trial court was aware of appellant's intent to appeal and acknowledged his notice of appeal. Where a defendant enters a plea of guilty or nolo contendere, based on the mistaken belief he is entitled to appeal the ruling on a pre-trial motion, the plea is not entered voluntarily or knowingly. *Broddus v. State*, 693 S.W.2d 459, 461 (Tex.Crim.App.1985). [Note: *Broddus v. State*, in an unpublished opinion from the Fourteenth Court of Appeals, reversed a conviction based on a plea of nolo contendere where the defendant mistakenly believed he had a right to appeal the denial of pre-trial motions.]

The entry of a plea of guilty involves the waiver of constitutional rights, and such a waiver must not only be voluntary, but must be done knowingly and intelligently "with sufficient awareness of the relevant circumstances and likely consequences."

*Huffman v. State*, 676 S.W.2d 677, 682 (Tex.App.—Houston [1st Dist.] 1984, pet. ref'd) (quoting *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970)).

It is obvious from the facts of the instant case that appellant was not aware of the "likely consequences" of his plea, including most prominently his inability to appeal the ruling on his pre-trial motion. As a result, his plea was rendered involuntary. Where a plea is "conditional" and, therefore, involuntary, reversal is mandated. *Christal v. State*, 692 S.W.2d 656, 659 (Tex.Crim.App. 1985) (opinion on State's motion for rehearing.) Finding the plea was not made voluntarily or knowingly, we must reverse the judgment of the trial court and remand for a new trial.

DRAUGHN, Justice, concurring.

Although agreeing with the result reached by the court, I would opt for a somewhat narrower holding. Where a defendant enters a plea of guilty or nolo contendere without an agreed punishment recommendation and announces to the court his intent to appeal, so that it is obvious he is operating under the mistaken belief he has a right to an appeal on the merits, I would hold that the trial court has a duty to warn the defendant he has no such right. The right to appeal or not to appeal should not be a secret and the procedure should not be a guessing game where the defendant is in a sort of "gotcha" position if the guess is wrong. In the instant case, the court should have let the "secret" out rather than by his responses let the defendant think he could appeal. The plea is therefore properly held to be involuntary. The plurality opinion apparently holds a plea is involuntarily entered whenever a defendant mistakenly believes he has a right to an appeal on the merits regardless of whether he vocally expresses that mistake and is encouraged in his error by the judge's response. Believing that such a holding goes a bit too far, I concur in the result only.

ROBERTSON, Justice, dissenting.

Finding myself in disagreement with the plurality's construction of applicable precedent, and the result reached by the majority, I am compelled to dissent.

In *Broddus v. State*, 693 S.W.2d 459 (Tex.Crim.App.1985), this court found appellant's plea of guilty was based "at least in part, on the court's erroneous *assurance* that his right to appeal the ruling on the motion to suppress would be preserved." 693 S.W.2d at 460 (quoting from the unpublished opinion of this Court.) (Emphasis supplied.) In *Christal v. State*, 692 S.W.2d 656 (Tex.Crim.App.1981), the Court of Criminal Appeals noted that the defendant was specifically told by the trial judge he would have the right to appeal the issue of the validity of the search, after entering a plea of nolo contendere without a plea recommendation. 692 S.W.2d at 657. In that case the trial court assured the defendant at least three times that he would be able to appeal issues raised by his pre-trial motions. *Id.* In *Shallhorn v. State*, 732 S.W.2d 636 (Tex.Crim.App.1987), the defendant entered a plea of guilty, with the specific understanding, expressed to the court by his counsel, that he would retain his right to appeal the trial court's adverse ruling on his motion to suppress evidence. 732 S.W.2d at 637.

The common thread running through all the cases on the subject is that the trial court has to actively encourage the false belief in the defendant that he has a right to appeal on *'.* ....ents, upon entering a plea of guilty or nolo contendere without an agreed punishment recommendation, before the plea will be held to be involuntary. In the instant case, appellant entered his plea of nolo contendere with nothing being said about appeal. Appellant acknowledged that his plea was free and voluntary, and it was entered with the understanding that the State reserved the right to "argue the full range of punishment." The exchange quoted by the majority took place after the court announced its intention to sentence appellant to a term of thirty-five years. Apparently dissatisfied with the sentence, appellant announced he would appeal. The trial court's response to appellant's announced intention to appeal was noncommittal. Nothing the trial court said should have actively encouraged in appellant the false belief he had a right to an appeal on the merits.

What the majority does is tantamount to imposing on the trial court an affirmative duty to dispel any illusion a defendant may have concerning his right to an appeal on the merits upon entering a plea of guilty or nolo contendere without an agreed punishment recommendation. Prior cases have never imposed such a duty on the trial court. Furthermore, the rationale of the majority effectively permits a defendant to manipulate the criminal justice system. One in the position of appellant who is dissatisfied with his sentence can simply announce his intent to appeal. Unless the trial court is ever-vigilant and immediately counters with an admonition that no appeal on the merits is possible, the defendant winds up with a free ride through the system in the form of a new trial.

The holding of the majority runs counter to the basic tenet of Anglo–American jurisprudence that it is the duty of the defendant and his attorney to know what the defendant's rights are, and the trial court is only required to admonish a defendant regarding his rights in certain specific instances that are usually prescribed by statute.

Because the majority by its judgment departs from that cornerstone of our judicial philosophy, and creates a situation subject to a great deal of abuse by criminal defendants, I must respectfully dissent.