Richard August MORRIS, Appellant,

v.

The STATE of Texas, Appellee.

Nos. A14–90–01051–CR, A14–90–01054–CR and A14–90–01057–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 20, 1992.

Alan S. Percely, Houston, for appellant.

Linda A. West, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

ELLIS, Justice.

On September 23, 1987, appellant entered pleas of guilty to the offenses of possession of a controlled substance, cocaine, and delivery of a controlled substance, cocaine, both in amounts less than twenty-eight grams. TEX.HEALTH & SAFETY CODE ANN. § 481.115(b) and 481.112(b). Appellant was sentenced to imprisonment for seven years, probated, for each offense and, in addition, was fined the amount of $1,000.00 in the delivery case.

On January 31, 1990, appellant was charged with a new offense of possession with intent to deliver a controlled substance, cocaine, in an amount of four hundred grams or more. TEX.HEALTH & SAFETY CODE ANN. § 481.112(d)(3). The new offense also served as the basis for motions to revoke probation that were filed in the two previous cases where probation was granted. Appellant entered a plea of guilty to the new offense and pleas of true to the motions to revoke probation. After finding appellant guilty of the new offense and that he had violated his probation in the previous causes, the trial court sentenced appellant to imprisonment for thirty-five years and a fine of one dollar for the new offense and to imprisonment for seven years for each of the prior offenses. Finding there was error in the judgments of the court below we reverse and remand.

Appellant raises four points of error. Because our disposition on one of appellant's points of error is determinative, we will not consider his remaining points of error.

In his fourth point of error, appellant asserts that he did not knowingly and voluntarily enter his plea of guilty because it was conditioned upon his receiving "full and complete appellate review of his pretrial motion to suppress." Where a plea of guilty or nolo contendere is voluntarily and understandingly entered without a plea bargain agreement, all nonjurisdictional defects, including claimed deprivations of federal due process, are waived. *King v. State*, 687 S.W.2d 762, 766 (Tex.Crim.App. 1985). A plea is rendered invalid, however, if the trial court promises a defendant rights that do not exist. *Larson v. State*, 759 S.W.2d 457, 461 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd), *cert. denied*, 490 U.S. 1008, 109 S.Ct. 1646, 104 L.Ed.2d 161 (1989). "If a plea is predicated upon an incorrect assurance from the trial court that certain specific matters may be appealed, it is deemed a 'conditional' plea, and violates the defendant's due process rights." *Id.* If the record shows that the trial court, defense counsel, and the appellant are laboring under the false impression that an appeal is in order, the plea of guilty was not entered voluntarily or knowingly. *Shallhorn v. State*, 732 S.W.2d 636, 637 (Tex.Crim.App.1987).

The judgment reflects that appellant pled guilty without an agreed punishment recommendation to the new offense and also pled true to the motions to revoke probation, which were based solely upon the new offense. Absent an affirmative showing to the contrary, recitals in the trial court records create a presumption of regularity and truthfulness. *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex.Crim.App. 1984). Other evidence in this instance makes the affirmative showing to the contrary, and overcomes this presumption. The State concedes error in this regard, acknowledging that appellant's pleas were conditioned on his ability to obtain appellate review of the trial court's ruling on his motion to suppress evidence.

After his motion to suppress was overruled, appellant pled guilty to the new offense. Appellant also pled true to the motions to revoke probation in Cause Nos. 468713 and 468714 that were based solely on the new offense. The trial judge found appellant guilty, found that he had violated the terms and conditions of his probation, and ordered a pre-sentence investigation report. The trial judge then stated:

You've indicated on all three of these documents that you desire to file a Motion to Appeal [sic]. At the appropriate time, you will be permitted to do that. You can't do it now because you haven't been sentenced.

The documents to which the court referred are the stipulations and waivers signed by the appellant in each of the three causes. The waiver of constitutional rights, agreement to stipulate, and judicial confession has the following handwritten note in the lower margin of the first page:

Defendant reserves the right to appeal the court's denial of the defendant's motion to suppress evidence which was decided adversely to the defendant.

The stipulations of evidence in Cause Nos. 468713 and 468714 each contain the following handwritten note (emphasis added throughout):

Defendant reserves the right to appeal the court's denial of the defendant's motion to suppress evidence which was decided adversely to the defendant in Cause No. 552431 which is the basis of the motion to revoke probation.

At the sentencing hearing, the following took place:

[THE COURT]: With regard to Cause No. 468,714, 468,713, motion to revoke your probation, a plea was entered, the evidence was introduced which substantiated the District Attorney office's motion to revoke your probation, the probation is hereby revoked by committing a subsequent offense ...

With regard to Cause No. 552,431, I will just simply say we have very liberal parole laws here in the State of Texas, and

I'm sure you're aware of that, and I think this deserves a substantial amount of time. It's probably not as substantial as the District Attorneys' office feels, but in any event, in Cause No. 552,431 on your plea of guilty—wasn't that what it was?

[DEFENSE COUNSEL]: I believe at the time, for purposes of the record, we had a Motion to Suppress Evidence. The court indicated we could plead. *Then afterward, regardless of what happened, we would have an opportunity to appeal the Court denying the Motion to Suppress that was heard prior to entry of the plea.*

\* \* \* \* \* \*

[THE COURT]: ... *You have a right to appeal the motion in Cause 552,431 that was presented to this Court.*

[DEFENSE COUNSEL]: I think the motion technically was applicable to another cause number with relationship to the motion to revoke.

[THE COURT]: I know you have a substantial amount of credit, and that the way the parole laws are in this state, it's really not a lot of confinement. *In any event, you have a right to appeal.*

This case is controlled by *Christal v. State*, 692 S.W.2d 656 (Tex.Crim.App. [Panel Op.] 1985). In *Christal*, the Court of Criminal Appeals held that, where the trial court assured a defendant who pled guilty without an agreed punishment recommendation he could appeal the rulings on his pre-trial motions, this rendered the plea conditional and, therefore, involuntary. 692 S.W.2d at 658.

■ Since the record shows affirmatively that the trial court and the parties proceeded under the misapprehension that appellant could appeal the ruling on his motion to suppress evidence and the trial court encouraged this mistaken assumption, we are constrained to hold that appellant's plea of guilty and pleas of true were conditional and, therefore, involuntary. We sustain appellant's fourth point of error.

Accordingly, we reverse the judgments of the trial court and remand these causes for further proceedings consistent with this opinion.