Lester Stevenson REID, Appellant,

v.

The STATE of Texas, Appellee.

Nos. C14–91–00549–CR, C14–91–00552–CR and C14–91–00555–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 28, 1993.

George O. Jacobs, Houston, for appellant.

Carol M. Cameron, Houston, for appellee.

Before ROBERTSON, CANNON and BOWERS, JJ.

## OPINION

ROBERTSON, Justice.

Lester Stevenson Reid, appellant, was found guilty of aggravated sexual assault of a child and of aggravated assault on a police officer. Punishment was assessed by the court at confinement in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

Appellant was charged in each of two indictments, cause numbers 563963 and 563964, with two counts of aggravated sexual assault of a child and in a third indictment with aggravated assault on a police officer, cause number 563480. The state waived one count in cause 563963, and appellant, before the court, entered a plea of guilty to the remaining count in 563963 and to both counts in cause 563964. Appellant also entered a plea of no contest to the charge of aggravated assault on a peace officer, cause 563480. Appellant entered his pleas without agreed recommendations by the state, and the court deferred adjudication of guilt and the sentencing of appellant pending the completion of a pre-sentencing investigative report (PSI).

Upon receipt of the PSI, and after testimony presented on behalf of appellant, the court found appellant guilty and sentenced him to twelve years confinement in the Institutional Division of the Texas Department of Criminal Justice on cause numbers 563963 and 563964, and eight years confinement in cause number 563480, sentences to run concurrently. Appellant, in one point of error, claims his pleas before the court were not entered voluntarily and

knowingly, and therefore, it was error for the trial judge to accept his pleas.

A plea is involuntary and mandates reversal if it is apparent from the record the appellant, appellant's counsel and the trial judge were laboring under the false impression an appeal was in order at the time the plea was entered. *Christal v. State*, 692 S.W.2d 656, 658 (Tex.Crim.App. 1985). Appellant admits that he entered his guilty pleas without an agreed recommendation as to punishment. Where there is no plea bargain and a plea of guilty or nolo contendere is knowingly and understandingly made, all nonjurisdictional defects, including claimed deprivations of federal due process, are waived. *Shallhorn v. State*, 732 S.W.2d 636, 637 (Tex.Crim.App. 1987); *King v. State*, 687 S.W.2d 762, 765 (Tex.Crim.App.1985).

Appellant claims that because the trial court did not affirmatively advise him that all nonjurisdictional defects, including claimed deprivations of federal due process, were waived by his pleas, that the pleas were no longer made voluntarily or knowingly. Appellant's argument fails on two counts.

First, there are no requirements, statutory or judicial, that require a trial court to make an affirmative warning to all defendants in appellant's position. The cases cited by appellant have only required such a warning when it clear from the record that a defendant, his counsel and the trial court mistakenly believe that an appeal is in order. In such an instance, a plea is not made voluntarily or knowingly unless the trial judge affirmatively clears up the misconception and warns the defendant of the consequences of his plea.

Appellant has made no showing that he, his counsel or the trial court were under such a misconception. Neither at the time he entered his pleas nor when he was sentenced by the court did appellant or his trial counsel indicate to the trial court that he intended to institute an appeal. The only indication of his intent to appeal was his notice of appeal filed fifteen days after he was sentenced.

Secondly, appellant claims the duty to give such a warning arose in this instance because the trial court told him it might grant him probation. Appellant states that because of this promise, he stayed with his pleas and thereby waived his right to appeal on the merits of his case. This argument is based on a tortured reading of the record. Appellant appeared before the trial court and entered his pleas of guilty and no contest. The trial court administered the statutory warnings and asked appellant and his counsel if these warnings were understood by appellant. Both appellant and his counsel indicated to the trial court that appellant understood the warnings and that appellant was aware of the constitutional rights waived by his entering of a plea. He also indicated that he knew and understood the full range of punishment for the charges against him.

At that point, the trial court deferred its finding of guilt until the completion of a PSI. The court went further and told appellant that probation or deferred adjudication would not be considered unless appellant was in a sex offender program. After that statement was made, the following discussion took place:

> Trial Court: I'm not telling you that I will give you probation if you are in the sex offender's program. I'm telling you that I will not give you probation if you are not? Understand me?
>
> (Appellant): Yes, ma'am.

The trial court made it clear that it was not promising appellant probation or deferred adjudication, and he indicated he understood. There is no evidence before us to indicate otherwise.

■ Appellant verbally indicated to the trial court that he made the pleas knowingly and voluntarily. After the trial court pronounced his sentence, appellant was given the opportunity to say why the sentence should not be pronounced against him. At that time, appellant made no indication that he was laboring under the impression that he had a right to appeal or that his pleas were entered on a promise of probation or deferred adjudication. Finally, the judgments indicate that appellant entered into

his pleas knowingly and voluntarily and that he was aware of the consequences of his pleas. Recitals contained in a judgment create a presumption of regularity and truthfulness, absent an affirmative showing to the contrary. *Breazeale v. State,* 683 S.W.2d 446, 450 (Tex.Crim.App.1984). Appellant has not made this showing.

Appellant decided to plead guilty and allowed the court to assess his punishment. Appellant did not like the punishment he received so he decided to appeal based on a broad interpretation of a line of cases that create a duty on the trial court to warn a defendant of the consequences of his plea and his right to appeal. *See Shallhorn v. State,* 732 S.W.2d 636 (Tex.Crim.App.1987); *Broddus v. State,* 693 S.W.2d 459 (Tex. Crim.App.1985); *Booker v. State,* 816 S.W.2d 121 (Tex.App.—Houston [14th Dist.] 1991, pet. dism'd).

Appellant misconstrues the holding of these cases. The trial court had no duty to give this warning to appellant because at all times appellant indicated his pleas were made knowingly and voluntarily. Additionally, appellant cannot point to anything in the record that would indicate he was laboring under a false belief that he had a right to appeal and that this belief was known by the trial court. Appellant fails in his attempt to construe an unambiguous statement from the judge into a promise for probation that he somehow relied on in making his pleas. We overrule appellant's sole point of error.

The judgment of the trial court is affirmed.