**Elliott Manuel SILVA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–96–00565–CR.**

Court of Appeals of Texas,
San Antonio.

Oct. 21, 1998.

Albert D. Pattillo, III, Kerrville, for Appellant.

E. Bruce Curry, Dist. Atty., Kerrville, for Appellee.

Before HARDBERGER, C.J., LÓPEZ, and ANGELINI, JJ.

## OPINION ON APPELLEE'S MOTION FOR REHEARING

LOPEZ, Justice.

The State of Texas has timely filed a motion for rehearing, raising four grounds for review. The State's motion for rehearing is denied; however, after reconsidering the manner in which we addressed the jurisdictional issue in our prior opinion, we withdraw our opinion and judgment of September 17, 1997, and substitute this opinion and judgment.

Appellant, Elliott Manuel Silva ("Silva"), pled guilty to the offense of aggravated robbery and was sentenced by a jury to life imprisonment and a $10,000 fine. In this appeal, Silva raises one point of error, contending that the trial court erred in denying his motion to change venue without affording him a pretrial hearing to present evidence in support of his motion.

Although neither party to the appeal raised any question regarding our jurisdiction, we addressed the jurisdictional issue in our prior opinion. In its motion for rehearing, the State contends that our prior opinion erroneously determined that Silva's guilty plea did not alleviate his ability to complain regarding the trial court's ruling on the motion to change venue. The State appears to concede that the decision in *Helms v. State*, 484 S.W.2d 925 (Tex.Crim.App.1972), is the "state of the law dealing with this issue."

When a plea of guilty or nolo contendere is entered without the benefit of a plea bargain, the *Helms* rule applies, and all nonjurisdictional defects occurring prior to the entry of the plea are waived. *See Jack v. State*, 871 S.W.2d 741, 744 (Tex.Crim.App. 1994). The *Helms* rule does not defeat our jurisdiction to consider any claim of error below, it only means that a defendant will not ultimately prevail in his appeal because the alleged error has been waived. *See Jack v. State*, 871 S.W.2d at 744.

In applying the *Helms* rule to the instant case, however, we cannot ignore its corollary. That is, if Silva entered his plea with the understanding that he could appeal the trial court's ruling on his motion to change venue, his plea was not entered voluntarily, and the case must be reversed and remanded to permit Silva to replead. *See, e.g., Shallhorn v. State*, 732 S.W.2d 636, 637 (Tex.Crim.App.1987); *Broddus v. State*, 693 S.W.2d 459, 461 (Tex.Crim.App.1985); *Harrelson v. State*, 692 S.W.2d 659, 661 (Tex. Crim.App.1985); *Christal v. State*, 692 S.W.2d 656, 658 (Tex.Crim.App.1981); *Jackson v. State*, 841 S.W.2d 38, 40 (Tex.App.— Houston [14th Dist.] 1992, no pet.); *Morris v. State*, 837 S.W.2d 789, 790–91 (Tex.App.— Houston [14th Dist.] 1992, no pet.); *Booker v. State*, 816 S.W.2d 121, 121–22 (Tex.App.— Houston [14th Dist.] 1991), *pet. dism'd*, 836 S.W.2d 634 (Tex.Crim.App.1992); *see also Flowers v. State*, 935 S.W.2d 131, 133 (Tex. Crim.App.1996). The Texas Court of Criminal Appeals recognized this corollary to the *Helms* rule in *Utsman v. State*, acknowledging that it was impermissible for the trial court to accept a guilty plea by a defendant with the understanding that he could preserve his right to appeal an adverse ruling on a motion for change of venue. 485 S.W.2d 573, 575 (Tex.Crim.App.1972).

In the trial of the instant case, the record reflects the following occurred before the trial court accepted Silva's guilty plea:

DEFENSE COUNSEL: Judge, is this also the waiver of appeal from the judgment and the waiver of appeal for the sentencing? Are both of those applicable as well?

THE COURT: The only thing, you can appeal something that you raise in a pretrial matter. This is where you place a defendant on probation, so we don't need a number 7. What 8 is, you have to explain to him the things that he can appeal his case on are just the matters that you preserved during pretrial.

Do you understand that?

DEFENSE COUNSEL: Right.

Although the trial court later stated during this dialogue that Silva would retain his right to appeal issues relating to his sentencing, the foregoing statement made by the trial court left Silva and his trial counsel with the understanding that Silva would retain his right to appeal the trial court's ruling on pretrial matters. Since Silva entered his plea with this understanding, his plea was involuntary. Therefore, we reverse the judgment of the trial court and remand the cause for further proceedings consistent with this opinion.