**Jason BRASFIELD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–98–00311–CR.**

Court of Appeals of Texas,
Texarkana.

Submitted Aug. 12, 1999.

Decided Aug. 13, 1999.

Robert P. Abbott, Attorney at Law, Coppell, for appellant.

Kerry P. Fitzgerald, Assistant District Attorney-Appellate Section, Tammy J. Harrison, Dallas, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

**O  P I N I O N**

Opinion by Justice ROSS.

Jason Brasfield appeals from an order placing him on deferred adjudication for the offense of sexual assault of a child. The limited record before this Court reflects that Brasfield, at his eighteenth birthday party, engaged in consensual sex-

ual activity with a fourteen-year-old girl. Brasfield entered a guilty plea without an agreed recommendation as to punishment. He was questioned by the trial judge about the documents which he had signed reflecting his intention to plead guilty and to give up his rights as listed in those documents. Brasfield also discussed with the trial judge the application of the sex offender registration statute to his case. The trial judge acknowledged that the issue had been raised before accepting the guilty plea and gave Brasfield explicit permission to appeal from his ruling requiring him to register as a sex offender under the registration statute.

■■■ Generally, a guilty plea entered without a plea bargain agreement waives all nonjurisdictional defects that have occurred prior to the entry of the plea. *Helms v. State*, 484 S.W.2d 925, 927 (Tex. Crim.App.1972); *see Jack v. State*, 871 S.W.2d 741, 744 (Tex.Crim.App.1994). This waiver rule is predicated on a knowing and voluntary plea of guilty. *Shallhorn v. State*, 732 S.W.2d 636, 638–39 (Tex. Crim.App.1987). If a guilty plea is entered without a plea bargain agreement, as here, on the mistaken understanding that the merits of a pretrial motion may be raised on appeal, the plea is not entered knowingly and voluntarily. *See Christal v. State*, 692 S.W.2d 656, 659 (Tex.Crim. App. [Panel Op.] 1985) (opinion on reh'g). Thus, a defendant may always challenge the voluntariness of a guilty plea on appeal. *Flowers v. State*, 935 S.W.2d 131, 134 (Tex.Crim.App.1996).

In applying the *Helms* rule to the instant case, we cannot ignore its corollary. That is, if Brasfield entered his plea with the understanding that he could appeal the trial court's ruling on the question of whether he is required to register as a sex offender, then his plea was not entered voluntarily, and the case must be reversed and remanded for a new trial. *See Shallhorn*, 732 S.W.2d at 637; *Broddus v. State*, 693 S.W.2d 459, 461 (Tex.Crim.App.1985); *Christal*, 692 S.W.2d at 658; *Silva v. State*,

986 S.W.2d 29, 30 (Tex.App.-San Antonio 1998, no pet.). Brasfield's plea was conditioned on the incorrect assumption which is apparent from the discussion between counsel and the court that he could appeal the requirement that he register as a sex offender; as a result, the plea was involuntary.

The judgment is reversed, and the case is remanded for a new trial.