COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-07-416-CR

 

MAURICO M. GIBSON                                                          APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM CRIMINAL
DISTRICT COURT NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I. 
Introduction

In one point, Appellant Maurico M. Gibson asserts
that his due process rights were violated because his guilty plea was
involuntary.  We affirm.

II. 
Factual and Procedural History








On October 23, 2007, Gibson appeared in court and
entered an open plea of guilty to one count of aggravated robbery with a deadly
weapon.  This was one of several cases
brought against him for his actions in what, in light of the punishment hearing
testimony, amounted to a crime spree.[2]  Noted on his written plea admonishments form
is the statement, A[o]pen plea to the court on this
cause number only.@

Paragraph 7 of the written plea admonishments
states, ANo Plea
Agreement (Open Plea): If you
have plead[ed] guilty without [the] benefit of a plea agreement, the plea
proceeding is your trial. . . . Once the Court has accepted your guilty plea,
you cannot withdraw your plea without permission from the Court.@  The following paragraphs fall under the
section labeled, AWritten Waiver by DefendantCJoined
by Attorney,@ which states, AComes
now the Defendant, in open Court, joined by my attorney and states:








(A) I am able to read the
English language.  I fully understand
each of the above written plea admonishments given by the Court and I have no
questions. . . . I fully understand the entire document, as well as each of the
above written plea[] admonishments given by the Court and I have no questions.

 

. . . .

 

(C) I am aware of the
consequences of my plea;

 

(D) I am mentally
competent and my plea is knowingly, freely, and voluntarily entered.  No one has threatened, coerced, forced,
persuaded or promised me anything in exchange for my plea;

 

. . . .

 

(I) I give up and waive
all pretrial motions that may have been filed in connection with my case;

 

. . . .

 

(O) I give up and waive
any and all rights of appeal in this case[.]

 

Gibson=s signature is on the line
following the last paragraph of the written waiver.  His attorney signed below the following
paragraph:

I have fully reviewed and
explained the above and foregoing court admonishments, rights, and waivers, as
well as the following judicial confession to the Defendant.  I am satisfied that the Defendant is legally
competent and has intelligently, knowingly, and voluntarily waived his rights
and will enter a guilty plea understanding the consequences thereof. . . .

 

Gibson also signed under the following sworn
judicial confession:








Upon my oath I swear my
true name is Maurico Gibson and I am 23 years of age; I have read the
indictment or information filed in this case and I committed each and every act
alleged therein, . . . .  All facts
alleged in the indictment or information are true and correct.  I am guilty of the instant offense as well as
all lesser included offenses. . . . I swear to the truth of all of the
foregoing and I further swear that all testimony I give in the case will be the
truth, the whole truth and nothing but the truth, so help me God.

 

The trial court and the attorneys for both
parties signed beneath the trial court=s
acknowledgment that it had given Gibson the written plea admonishments; that it
had found Gibson mentally competent; and that his plea was intelligently,
freely, and voluntarily entered.

On October 30, 2007, Gibson appeared with his
attorney for the sentencing trial.  The
trial court reviewed the above procedure with Gibson as follows:

[The Court]: . . . Mr.
Gibson, you were here on October 24th wherein you entered a plea of guilty to
the offense of aggravated robbery.  The
Court accepted the plea, deferred any findings and we=re going to have the case
heard today.  You understand?

 

[Gibson]: Yes, sir.

 

[The Court]: All
right.  This is a first-degree
felony.  It carries a term of life or any
term of not more than 99 years nor less than five years in the Institutional
Division of the Texas Department of Criminal Justice and a fine of $10,000 may
be assessed.  You understand that?

 

[Gibson]: Yes, sir.

 

[The Court]: By pleading
open you=re pretty much waiving
most of your rights.  You understand
that?

 

[Gibson]: Yes, sir.

 

[The Court]: All
right.  And whatever decision that I make
on that you=re going to be living
with that.  Do you understand?








[Gibson]: Yes, sir.

 

[The Court]: You also
made a judicial confession; is that correct?

 

[Gibson]: Yes, sir.

 

[The Court]: And you
enteredCyou state that your name
is Maurico Gibson, you=re 23 years of age, you=ve read the indictment
and everything in the indictment is true and correct, that you are guilty of
the offense and any other offenses that are included.  Is that correct?

 

[Gibson]: Yes, sir.

 

[The Court]: All
right.  And you actually swore to this
and my clerk at that time notarized this. 
And the documents were signed by you, your lawyer, . . . myself, and the
State . . . ; is that correct?

 

[Gibson]: Yes, sir.

 

[The Court]: All
right.  Then, [State], we will proceed.

 

[State]: Judge, I can=t remember, did you
admonish him last time on immigration effects, if they have them on him?  I couldn=t remember if we did that last time or not.

 

. . . .

 

[Defense counsel]: For
the record, I explained everything to him, including the immigration
portion that he signed. [Emphasis added.]

 

 








The trial court admitted into evidence without
objection Gibson=s nine prior convictions,[3]
and the State read those convictions into the record.  During the punishment trial, the trial court
and defense counsel also had the following exchange: 

[Defense counsel]: Your Honor,
I just want to put on the record that when we introduced the plea on one case
last week.  

 

[The Court]: Yes, sir.

 

[Defense counsel]:  I had indicated to my client I had filed some
pretrial motions and it=s in differentCit=s in each case.  And one of them has to do with a motion to
suppress that I anticipate the State is going to introduce a statement that my
client signed.  And I just want to put in
the record that we didn=t waive all of our
pretrial motions.  Is that correct, Mr.
Gibson?

 

[Gibson]: Yes, sir

 

[The Court]: All right.

 

[Defense counsel]: I just
want to put that in the record.

 

[The Court]:  All right. 
Thank you.

 

[Defense counsel]:  And I explained that to him.

 

[The Court]:  Okay. 
Next witness. 

 

 








The State then offered Gibson=s
written confession through Arlington Police Officer Kyle Dishko.  Defense counsel responded, ANo
objections, Your Honor.@ 
Officer Dishko read Gibson=s
written confession into the record. 
Gibson did not testify at trial, but he called several family members,
who testified about mitigating circumstances and their love for him.  The trial court sentenced Gibson to sixty
years=
confinement.  Gibson did not file a
motion for new trial.  This appeal
followed.

III. 
Involuntary Plea

In his sole point, Gibson asserts that his due
process rights were violated based on a plea rendered involuntary because he
and his attorney Aentered the plea with the belief
they were preserving matters raised by pretrial motions on file.@  He argues that where a defendant pleads
guilty with the erroneous understanding that he has preserved the right to appeal
the denial of pretrial motions, the plea is not freely and voluntarily made.         








Nothing in the record shows that Gibson secured a ruling on
his pretrial motion to suppress.[4]  Cf. Broddus v. State, 693 S.W.2d 459,
460B61 (Tex. Crim.
App. 1985) (reversing when trial court denied motion to suppress and defendant
entered open guilty plea on the misunderstanding, held by all parties and the
trial court, that he could appeal that denial). 
But even if Gibson had secured a ruling, when a defendant affirmatively
asserts during trial that he has Ano objection@ to the admission
of such complained-of evidence, he waives any error in the admission of the
evidence, despite the pretrial ruling.  See
Moraguez v. State, 701 S.W.2d 902, 904 (Tex. Crim. App. 1986); Lemons v.
State, 135 S.W.3d 878, 882 (Tex. App.CHouston [1st
Dist.] 2004, no pet.).  During
the middle of the punishment hearing, with regard to Aone case
last week,@ Gibson testified that he did
not waive all pretrial motions.  However,
when the State offered what appears to be the statement at issue into evidence,
defense counsel stated, ANo objections, Your Honor.@  And during closing argument, defense counsel
appeared to acknowledged the statement, stating, AYou
heardChe pled
guilty last week.  The statement isCis someCit=s
something you have in evidence.  The
question on a case like this [is] does he get five or does he get ten?@








Furthermore, when the record reflects that a
defendant was properly admonished, it presents a prima facie showing that the
guilty plea was given voluntarily and knowingly.  See Martinez v. State, 981 S.W.2d 195,
197 (Tex. Crim. App. 1998); Jackson v. State, 139 S.W.3d 7, 14 (Tex.
App.CFort
Worth 2004, pet. ref=d); see also Kniatt v. State,
206 S.W.3d 657, 664 (Tex. Crim. App.) (stating that a defendant=s sworn
representation that his guilty plea is voluntary Aconstitute[s]
a formidable barrier in any subsequent collateral proceedings@), cert.
denied, 549 U.S. 1052 (2006).  There
is no claim, nor evidence, that Gibson was not properly admonished, and it is
his burden to demonstrate a lack of understanding as to the consequences of his
plea.  See Jackson, 139 S.W.3d at
14.  A review of the record shows that
both Gibson and his attorney clearly and unequivocally Ag[a]ve
up and waive[d]@ all pretrial motions by signing
the written plea admonishments and that Gibson understood what he was doing
when he signed it. 

Additionally, it is unclear from the record
whether Gibson=s reference to a plea introduced
in Aone case
last week@ was, in fact, this case.  During sentencing, the trial court and
defense counsel had the following dialogue:

[The Court]:  Mr. Gibson, you=ve committed six
aggravated robberies with deadly weapons. . . . I=m amazed that nobody was
killed during any of these six aggravated robberies.

 








[Defense counsel]: Your
Honor, if I may[,] the evidence is only of four.  There was no evidence of two of them.

 

[The Court]: I got six
cases ahead of me here.

 

[Defense counsel]:
True.  But there was no evidence on two
of them.

 

[The Court]: All
right.  But the Court is taking
[j]udicial notice that we do have six cases that are filed.  All right.

 

[Defense counsel]:
Yes.  That is correct.

 

A review of the record does not show with any certainty that this case
is the case to which counsel referred to when he talked about Asome
pretrial motions@ he had discussed with his
client.  Further, as Gibson filed no
motion for new trial, there is no evidence, other than the plain language of
the written plea admonishments and Gibson=s
counsel=s broad
statement at the beginning of the hearing that he explained Aeverything@ to
Gibson, as to what exactly was explained to Gibson and what he understood
regarding the plea and its effect.  Cf.
Christal v. State, 692 S.W.2d 656, 656B58 (Tex.
Crim. App. 1981) (reversing when transcript of hearing on motion for new trial
demonstrated that defendant=s plea
was involuntary).  Therefore, Gibson has
failed to overcome the Aformidable barrier@
presented by the written plea admonishments. 
We overrule Gibson=s sole point.

 








IV. 
Conclusion

Having overruled Gibson=s sole
point, we affirm the trial court=s
judgment. 

 

PER
CURIAM

 

PANEL: MCCOY, GARDNER,
and WALKER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: February 19,
2009      











[1]See Tex. R. App. P. 47.4.





[2]On December 4, 2006,
Gibson and his companion, Kelvin Miller, robbed Crystal Jones, the complainant
in this case, at gunpoint at around 9:30 p.m. 
Gibson and Miller also robbed William Lopez at gunpoint earlier that evening,
around 5:30 or 6:00 p.m., and robbed Crystal Charon at gunpoint around 9:00
p.m.  All of the robberies took place
within the same geographic area.

Arlington
Police Officer Jose Alvarez testified that on December 4, around 9:35 p.m.,
after a fourth robbery was reported in the area, he stopped a vehicle that fit
the get-away car=s description.  Gibson was the back seat passenger; the
police recovered a loaded 9-millimeter handgun from underneath the driver=s seat.  Officer Alvarez testified that Gibson asked
him, A[S]o how many robberies
areCare y=all going to charge me with?@





[3]Gibson had four prior
convictions for assault causing bodily injury and one conviction each for
reckless bodily injury to a child, unlawful carrying of a weapon, terroristic
threat, theft, and evading arrest.





[4]To preserve a complaint
for appeal, a party must have presented to the trial court a timely request,
objection, or motion that states the specific grounds for the desired ruling if
they are not apparent from the context of the request, objection, or
motion.  Tex. R. App. P. 33.1(a)(1); Mosley
v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh=g), cert. denied, 526
U.S. 1070 (1999).  And the trial court
must have ruled on the request, objection, or motion, either expressly or
implicitly, or the complaining party must have objected to the trial court=s refusal to rule.  Tex. R. App. P. 33.1(a)(2); Mendez v.
State, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).