

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00608-CR

Kevin **JOHNSON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR0685
Honorable Steve Hilbig, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:       Sandee Bryan Marion, Chief Justice
               Karen Angelini, Justice
               Patricia O. Alvarez, Justice

Delivered and Filed:  April 13, 2016

AFFIRMED

On August 18, 2015, the trial court revoked Appellant Kevin D'shon Johnson's probation and sentenced Johnson to five-years' confinement in the Institutional Division of the Texas Department of Criminal Justice.  On appeal, Johnson contends his plea was involuntary based on ineffective assistance of counsel.  Because Johnson failed to show his counsel's representation was deficient, we affirm the trial court's judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

On January 31, 2011, Johnson was indicted on two counts of felony possession of a controlled substance with intent to deliver. The indictment contained two prior felony enhancement allegations. On October 14, 2011, in exchange for a plea of guilty, the State waived both enhancement paragraphs and made a punishment recommendation capping Johnson's punishment at twelve-years' confinement in the Institutional Division of the Texas Department of Criminal Justice. On December 5, 2011, the trial court assessed punishment at ten-years' confinement, suspended and probated for a term of five years, and assessed a fine in the amount of $2,000.00.

The State filed several motions to revoke Johnson's community supervision, the latest one being filed on October 10, 2014.

During the proceedings on his underlying offense, and during the hearing on the State's motion to revoke probation, Johnson was represented by retained counsel. On August 18, 2015, Johnson entered a plea of true to the following allegations: two conditions each of failure to submit for required drug testing and failure to report to his supervision officer; one count each of using marijuana, failure to complete community service restitution, and failure to report to his supervision officer after release from jail; and a misdemeanor count of failure to identify. The trial court revoked Johnson's probation status and assessed punishment at five-years' confinement.

On appeal, Johnson contends the trial court erred in granting the State's motion to revoke his community supervision in the absence of a knowing and voluntary plea of true. Johnson asserts he was denied his right to due process of law as implicated by his Sixth Amendment right to effective assistance of counsel. More specifically, Johnson argues his plea of true was premised on his misguided belief that his plea of true would result in the imposition of a three-year sentence. *See Morris v. State*, 837 S.W.2d 789, 791 (Tex. App.—Houston [14th Dist.] 1993, no pet.)

(concluding plea was involuntary when the trial court and parties proceeded under the wrongful conclusion appellant could appeal ruling).

### SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL

A defendant has a right to counsel at a probation-revocation hearing. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(d) (West Supp. 2015). Additionally, "[a] defendant has a Sixth Amendment right to effective assistance of counsel in plea proceedings." *Ex parte Niswanger*, 335 S.W.3d 611, 614 (Tex. Crim. App. 2011) (citing U.S. CONST. amend. VI; *Ex parte Harrington*, 310 S.W.3d 452, 458 (Tex. Crim. App. 2010), *abrogated on other grounds by Cornwell v. State*, 471 S.W.3d 458 (Tex. Crim. App. 2015)); *see also Adair v. State*, No. 13-11-00606-CR, 2012 WL 3525649, at *4 (Tex. App.—Corpus Christi Aug. 16, 2012, no pet.) (mem. op.) (not designated for publication) (applying *Niswanger* to pleas of true in probation-revocation cases). In *Ex parte Briggs*, 187 S.W.3d 458, 467 (Tex. Crim. App. 2005), the Court of Criminal Appeals reiterated that a defendant was entitled to a "reasonably competent attorney—regardless of whether he is retained or appointed."

We must, therefore, determine whether Johnson's attorney sought "to advance his client's best defense in a reasonably competent manner." *Id.*

### A. Standard of Review

In order to establish that trial counsel rendered ineffective assistance, Johnson must "establish two components by a preponderance of the evidence: deficient performance of trial counsel and harm resulting from that deficiency that is sufficient to undermine the confidence in the outcome of the trial." *Ex parte Moore*, 395 S.W.3d 152, 157 (Tex. Crim. App. 2013) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *accord Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012). To establish the first prong, deficient performance, Johnson must prove that his attorney's performance "'fell below an objective standard of reasonableness' under

prevailing professional norms and according to the necessity of the case." *Ex parte Moore*, 395 S.W.3d at 157 (quoting *Strickland*, 466 U.S. at 687–88).

## B.      Hearing Before the Trial Court

Johnson contends that based on the State's recommendation of three-years' confinement, and his attorney's belief that the trial court could assess punishment at three-years' confinement, his plea of true was not voluntary.

When the case was called for a hearing on the State's motion to revoke probation, the trial court inquired regarding Johnson's plea. Defense counsel informed the trial court "we're going to plead true . . . [to] everything" with the exception of "failure to pay because he didn't have money." The parties agreed the trial court would determine Johnson's sentence.

> Trial court:   All right. And everything except failure to pay, you plead true; is that right?
>
> Johnson:        Yes, sir.

The State then recommended "revocation [and] three years [confinement]." The trial court explained to both the prosecutor and defense counsel that it could not impose a sentence of three-years' confinement because the minimum sentence for Johnson's underlying offense was five years.

Johnson did not testify until after the trial court clarified the available range of punishment. During his testimony, Johnson admitted "I know I made mistakes by not reporting and, you know, and having dirty UA's." He also acknowledged being arrested in Houston and that he "just didn't turn [himself] in." He explained that he was on "drugs and stuff" and that he was scared to report [to his probation officer]." He asked the trial court to impose drug treatment instead of prison. The trial court denied Johnson's request and imposed a sentence of five-years' confinement.

**C.    Analysis**

We remain mindful that an "appellate court should not find deficient performance unless the challenged conduct was 'so outrageous that no competent attorney would have engaged in it.'" *Menefield*, 363 S.W.3d at 593 (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).  "[W]ithout some explanation as to why counsel acted as he did, we presume that his actions were the product of an overall strategic design."  *Chuong Duong Tong v. State*, 25 S.W.3d 707, 714 (Tex. Crim. App. 2000); *see also Rodriguez v. State*, 336 S.W.3d 294, 302 (Tex. App.—San Antonio 2010, pet. ref'd) ("A reviewing court cannot speculate as to the reasons why trial counsel acted as he did, rather a reviewing court must presume that the actions were taken as part of a strategic plan for representing the client.").  The record supports that *before* Johnson decided to testify and admit the allegations for which the trial court found true, the prosecutor, defense counsel, and Johnson were all aware that the minimum sentence the trial court could assess was five years.  We, thus, conclude that Johnson failed to establish *Strickland*'s first prong—that his defense counsel's advice fell outside the range of competence.  *See Ex parte Moore*, 395 S.W.3d at 157; *Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003).

To prevail on an ineffective assistance of counsel claim, however, Johnson must also show he suffered harm "sufficient to undermine the confidence in the outcome of the trial."  *Ex parte Moore*, 395 S.W.3d at 157.  The record clearly establishes that the trial court clarified the range of punishment prior to Johnson testifying and acknowledging his violations.  Thus, even assuming the prosecutor and defense counsel were in error on the range of punishment, any such error was remedied by the trial court.  Thus, Johnson failed to establish *Strickland*'s harm component.  *Id*.

Accordingly, based on the record before this court, Johnson failed to prove, by a preponderance of the evidence, that his defense counsel's advice fell outside the range of competence and that he suffered the required harm as a result of such advice.  *See Ex parte Moore*,

395 S.W.3d at 157; *Rylander*, 101 S.W.3d at 110–11.  We, therefore, overrule Johnson's sole issue on appeal.

Patricia O. Alvarez, Justice

Do Not Publish