NUMBER 13-04-608-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


ALBERTO CANTU, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the County Court at Law No. 2 


of Cameron County, Texas.


 


MEMORANDUM OPINION



Before Justices Yañez, Rodriguez, and Garza


Memorandum Opinion by Justice Yañez


 

 Alberto Cantu appeals the judgment convicting him of driving while intoxicated. 
Cantu argues he was denied his right to a speedy trial under the Sixth Amendment to the
Constitution of the United States and article 1, section 10 of the Texas Constitution. We
affirm the judgment of the trial court.

I. Background

 On March 5, 2003, Cantu was arrested for driving while intoxicated (DWI), second
offense. (1) Cantu posted bond the next day. On July 6, 2004, Cantu was formally charged
by complaint and information with the DWI offense. Cantu then asserted his speedy trial
complaint in a motion to dismiss on August 17, 2004. On August 26, 2004, a hearing was
held on the motion. The motion was denied and on October 25, 2004, upon Cantu
entering a plea of guilty, the trial court suspended his sentence and placed him on
community supervision for twelve months. Cantu then timely filed this appeal. (2)

II. Standard of Review and Applicable Law 

 In reviewing a trial court's ruling on a defendant's speedy trial claim, we apply a
bifurcated standard of review: an abuse of discretion standard for the factual components
and a de novo standard for the legal components. (3) This means we independently weigh
and balance the Barker factors, but we presume the trial court resolved any disputed fact
issues in a manner that supports its ruling. (4) Stated differently, we review legal issues de
novo but give deference to a trial court's resolution of factual issues, including deference
to the trial court's drawing of reasonable inferences from the facts. (5)

 The right to a speedy trial is guaranteed by the United States and Texas
Constitutions. (6) The test under both the federal and state constitutions is the same. (7) In
reviewing a trial court's decision to grant or deny a speedy trial claim, we must balance four
factors: (1) the length of delay, (2) the reason for the delay, (3) the defendant's assertion
of his/her right, and (4) any resulting prejudice to the defendant. (8) No single factor is
necessary or sufficient to establish a violation of the right to a speedy trial. (9) Thus, we must
"engage in a difficult and sensitive balancing process" in each individual case. (10) 

III. Analysis


 Cantu was arrested on March 5, 2003, was formally charged by complaint and
information on July 6, 2004, and his trial started on October 25, 2004. Over nineteen
months elapsed between Cantu's arrest and the start of trial. As a result, Cantu asserts,
and the State agrees, that his trial delay was presumptively prejudicial because Texas
courts have generally held that a delay of eight months or longer is "presumptively
unreasonable" and thus triggers a speedy trial analysis. (11) We disagree.

 We observe that pre-indictment delay has not been accorded any weight in
determining a defendant's Sixth Amendment right to a speedy trial. Even though a
defendant's defense may be somewhat prejudiced by the lapse of time caused by pre-indictment delay, the pre-indictment delay is "wholly irrelevant" to a Sixth Amendment
speedy trial claim. (12) Nevertheless, the United States Supreme Court has held that due
process places some limits on pre-indictment delays, though it has not applied a specific
test. (13) The Texas Court of Criminal Appeals has held that an accused will be entitled to
relief on a claim of pre-indictment delay if he can show the delay (1) has caused
substantial prejudice to his right to a fair trial, and (2) was an intentional device used by the
State to gain a tactical advantage over the accused. (14)

 Cantu did not make a due process claim of oppressive pre-indictment delay in the
trial court, nor has he done so on appeal. Even if such an argument was raised, Cantu's
claim would fail because he agreed to stipulate at trial that any delay prior to indictment
was unintentional. (15) Our focus is thus directed toward the length of the delay between the
time Cantu was initially charged and his trial date. (16) Cantu was initially charged on July 6,
2004, and trial commenced on October 25, 2004; this four-month delay is not
"presumptively unreasonable." (17) Because this first Barker factor favors the State, we need
not examine the remaining three factors. (18) We thus find that Cantu was not denied his
right to a speedy trial.

 IV. Conclusion


 We affirm the trial court's judgment.




 


 LINDA REYNA YAÑEZ,

 Justice





Do not publish. Tex. R. App. P. 47.2(b).


Memorandum opinion delivered and filed 

this the 1st day of February, 2007.



1. See Tex. Pen. Code Ann. §§ 49.04(a), 49.09(a) (Vernon 2003).
2. We note that a defendant waives his right to a speedy trial claim by pleading guilty in the trial court. 
Larson v. State, 759 S.W.2d 457, 459 (Tex. App.-Houston [14th Dist.] 1988, pet. ref'd) (court held that
appellant waived his claimed deprivation of right to a speedy trial when he voluntarily pled no contest to sexual
assault and guilty to indecency with a child). A defendant who appropriately raises a constitutional violation
prior to pleading guilty, however, will not have the issue foreclosed on appeal. Young v. State, 8 S.W.3d 656,
663 (Tex. Crim. App. 2000).
3. Zamorano v. State, 84 S.W.3d 643, 648 (Tex. Crim. App. 2002). 
4. See id.; State v. Munoz, 991 S.W.2d 818, 821 (Tex. Crim. App. 1999).
5. Kelly v. State, 163 S.W.3d 722, 726 (Tex. Crim. App. 2005).
6. See U.S. Const. amends. VI, XIV; Tex. Const. art. I, § 10.; Zamorano, 84 S.W.3d at 647.
7. Floyd v. State, 959 S.W.2d 706, 709 (Tex. App.-Fort Worth 1998, no pet.) (citing Hull v. State, 699
S.W.2d 220, 221 (Tex. Crim. App. 1985)). 
8. Zamorano, 84 S.W.3d at 648 (citing Barker v. Wingo, 407 U.S. 514, 530 (1972)).
9. Id. (citing Barker, 407 U.S. at 533).
10. Id. 
11. See Zamorano, 84 S.W.3d at 649 n.26 (citing Harris v. State, 827 S.W.2d 949, 956 (Tex. Crim.
App.), cert. denied, 506 U.S. 942 (1992)).
12. See United States v. Lovasco, 431 U.S. 783, 788-90 (1977).
13. United States v. Marion, 404 U.S. 307, 324-25 (1971).
14. Ibarra v. State, 11 S.W.3d 189, 193 (Tex. Crim. App. 1999).
15. See id.
16. "The length of the delay between an initial charge and trial (or the defendant's demand for a speedy
trial) acts as a 'triggering mechanism.'" Zamorano, 84 S.W.3d at 648 (emphasis added).
17. See Zamorano, 84 S.W.3d at 649 n.26 (citing Harris, 827 S.W.2d at 956).
18. Id. at 648.